OPINION
{¶ 1} Plaintiff-appellant, John F. Birath, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying his motion to modify spousal support for defendant-appellee, Jane C. Birath. Because the trial court did not abuse its discretion, we affirm.
 {¶ 2} On March 6, 1986, the trial court filed a judgment entry ordering the termination of John and Jane's marriage. On January 21, 1987, the trial court ordered John to pay Jane $1,150 per month in sustenance alimony and retained jurisdiction to modify the order. In January 1998, John filed a motion to modify or terminate the spousal support order on the basis that circumstances had changed since the January 1987 order. After a hearing, the magistrate found that there had been a change in Jane's financial position warranting a termination of the spousal support order. Over Jane's objections, the trial court adopted the magistrate's report and recommendation granting John's motion and terminating the spousal support order. Jane appealed the decision to this court in Birath v. Birath (Dec. 21, 2000), Franklin App. No. 00AP-604. This court reversed the trial court's judgment and remanded for further consideration of whether there had been a change in circumstances.
 {¶ 3} On remand, the magistrate determined there had not been a change in circumstances. John raised objections to this finding, but they were overruled. On August 20, 2004, the trial court adopted the magistrate's report and recommendation, thus denying John's motion to modify spousal support. John appeals from this judgment entry.
 {¶ 4} On appeal, John assigns the following errors:
[1.] The finding of the magistrate that there was no change in circumstances is contrary to the evidence.
[2.] The finding of the magistrate that the retirement accounts, as found to exist, cannot be accessed by the defendant without tax penalties, is contrary to law.
[3.] The magistrate's finding that there was no change in circumstances is contrary to [R.C.] 3105.18.
 {¶ 5} We will address appellant's first and third assignments of error together because they both relate to the magistrate's finding that there was no change in circumstances justifying a modification of spousal support. An appellate court reviews the modification of spousal support under an abuse of discretion standard. Booth v. Booth (1989),44 Ohio St.3d 142, 144. Absent a showing that the trial court's attitude was unreasonable, arbitrary or unconscionable, the trial court's judgment will be affirmed. Id.
 {¶ 6} A court may modify an order for spousal support if "[t]he court determines that the circumstances of either party have changed." R.C.3105.18(E). However, we have previously held that the statute does not permit a modification of spousal support unless the change in circumstances is substantial and the parties did not contemplate the change in circumstances at the time of the prior order. Leignher v.Leignher (1986), 33 Ohio App.3d 214, 215. Pursuant to R.C. 3105.18(F):
A change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses.
 {¶ 7} By these assignments of error, appellant first argues that because appellee's wages have practically doubled during the time appellant has been paying spousal support, there has been a change in circumstances under R.C. 3105.18(F). We find that the trial court did not abuse its discretion in concluding otherwise .
 {¶ 8} At the time of the divorce in 1987, appellee was making $17,316 per year as a schoolteacher. By 1999, appellee was making approximately $34,086 per year as a nurse. This represents only a five percent annual increase over 12 years. The parties must have anticipated at the time of the award that appellee would receive at least cost of living increases in her salary. Birath, supra. Therefore, we conclude that the trial court did not abuse its discretion in finding the increase in appellee's wages over the 12-year period is not a change in circumstances as contemplated by R.C. 3105.18(F).
 {¶ 9} Appellant also argues that there has been a change in circumstances because appellee has acquired substantial assets in savings and investment accounts, as well as retirement benefits that can generate income. Again, we find that the trial court did not abuse its discretion in concluding otherwise.
 {¶ 10} The magistrate found that the marital assets awarded to appellee at the time of the divorce funded the majority of these accounts. Some stock was purchased from the sale of separate property awarded at the time of the divorce. It was not unreasonable, arbitrary, or unconscionable for the trial court to conclude that the parties must have contemplated at the time of divorce that appellee would take these assets and invest them for her retirement. Birath, supra. The parties must also have contemplated that these investments would generate interest or dividend income. Id. Therefore, the trial court did not abuse its discretion in ruling that the increased value of Jane's investments was not a change in circumstances. Thus, appellant's first and third assignments of error are overruled.
 {¶ 11} In his second assignment of error, appellant contends that the magistrate's finding that the retirement accounts could not be accessed without a tax penalty is inaccurate. Irrespective of the tax consequences, a party need not liquidate assets awarded to that party upon divorce just to reduce the need for spousal support or to maintain that party's standard of living. Fulmer v. Fulmer (May 5, 2000), Trumbull App. No. 98-T-0146 ("Ohio appellate courts have consistently refused to require the party receiving spousal support to invest his or her portion of the marital property division in order to reduce the need for spousal support.").
 {¶ 12} Here, as we stated above, the magistrate found that the majority of Jane's assets were awarded to her as part of the division of property in the divorce. A party need not liquidate divorce assets to reduce the need for spousal support. Therefore, whether the accounts could be accessed with or without a tax penalty is irrelevant. Accordingly, appellant's second assignment of error is overruled.
 {¶ 13} For the foregoing reasons, we overrule appellant's first, second, and third assignments of error, and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.
Judgment affirmed.
Lazarus, J., concurs.
Brown, P.J. concurs separately.
Brown, P.J., concurring separately.
 {¶ 14} Taking into consideration the broad discretion of the trial court in these matters, I concur in judgment only in that it cannot be found in this case that there has been an abuse of such discretion.