[Cite as *Shivak v. Shivak*, 2015-Ohio-5063.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| PAUL SHIVAK, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2014-T-0101** |
| ROBIN JEAN SHIVAK, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division, Case No. 2006 DR 330.

Judgment: Reversed and remanded.

*William R. Biviano,* Biviano Law Firm, 700 Huntington Bank Tower, 108 Main Avenue, S.W., Warren, OH 44481 (For Plaintiff-Appellant).

*Brendan J. Keating,* Guarnieri & Secrest, P.L.L., 151 East Market Street, P.O. Box 4270, Warren, OH 44482 (For Defendant-Appellee).

COLLEEN MARY O'TOOLE, J.

{¶1}   Paul Shivak appeals from the judgment entry of the Trumbull County Court of Common Pleas, Domestic Relations Division, adopting the decision of its magistrate, and denying Mr. Shivak's motion to suspend, terminate or modify his spousal support to his former wife, Robin Shivak.  We reverse and remand.

{¶2}   The Shivaks were married June 19, 1999.  They have no children.  Mr. Shivak filed for divorce July 28, 2006.  By a final decree of divorce filed January 30,

2009, the trial court determined February 1, 2006 was the effective date of the termination of the marriage.

{¶3} Mr. Shivak has a degree in engineering, and works as a contract CAD (computer aid design) technician. He has considerable separate assets accumulated before the marriage, including a mortgage free house. In the final decree of divorce, the trial court found Mr. Shivak had an income of $61,541 per year from his employment and separate assets. The trial court found that Ms. Shivak had an income of $10,000 from Social Security disability payments. The trial court found that Mr. Shivak had a greater earning potential than Ms. Shivak, and that it was unlikely Ms. Shivak, who suffers from numerous ailments, could ever return to gainful employment. It ordered Mr. Shivak to pay $1,400 in monthly support, and retained jurisdiction to modify the award.

{¶4} February 19, 2009, Mr. Shivak moved the trial court to reduce his support obligation, since he had lost his job. He indicated his only income would be interest and dividends from his separate assets, in the amount of $10,389.96. By a judgment entry filed July 28, 2009, the trial court found Mr. Shivak had separate assets in an approximate amount of $175,000. It further found, "that, although Husband's current earnings are reduced, he is a highly skilled, well educated individual capable of generating significant income in his field of expertise, and that he has significant assets to pay support." The trial court ordered the spousal support be reduced to $900 per month.

{¶5} November 25, 2013, Mr. Shivak moved to suspend, terminate, or modify his spousal support. Hearing was held before the magistrate April 8, 2014. Mr. Shivak testified he had lost his job again, and that his separate assets had been depleted,

2

reducing his dividend and interest income to $904. He was no longer eligible for unemployment, and testified he was living on his 2013 income tax refund, which was nearly exhausted. He testified his monthly expenses were $2,072, and that he would soon have to borrow money from his sisters to live.

{¶6} On cross examination, Ms. Shivak's counsel questioned Mr. Shivak based on his tax returns. These indicated a total income of $20,623.13 for 2009; a total income of $39,156 for 2010; a total income of $57,353 for 2011; a taxable income of $47,139 for 2012; and a total income of $23,672 for 2013. Ms. Shivak's counsel further questioned Mr. Shivak on his separate assets. It appears they have actually appreciated since 2009, from about $175,000 to $200,000.

{¶7} Ms. Shivak also testified. She indicated her numerous physical ailments have worsened, and that, apart from the spousal support, she lived solely on her Social Security disability payments, totaling some $11,146.86, including her Medicare premium, in 2013. She netted some $9,888 in actual payments to her.

{¶8} The magistrate filed his decision August 15, 2014. The magistrate denied any reduction in spousal support, noting Mr. Shivak's income had not changed substantially since the prior reduction in 2009, and that he retained the same ability to generate income.

{¶9} Mr. Shivak filed objections to the magistrate's decision. By a judgment entry filed October 8, 2014, the trial court overruled the objections and Mr. Shivak's motion to suspend, terminate, or modify his support obligation, using substantially the same language as the magistrate. This appeal timely ensued, Mr. Shivak assigning two errors.

{¶10} A trial court's decision to adopt, reject, or modify a magistrate's decision is reviewed for abuse of discretion. *In re Gochneaur*, 11th Dist. Ashtabula No. 2007-A-0089, 2008-Ohio-3987, ¶16. We apply the same standard of review when considering spousal support issues. *Riley v. Riley*, 11th Dist. Ashtabula No. 2012-A-0037, 2013-Ohio-1604, ¶14. Regarding this standard, we recall the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.)

{¶11} The first assignment of error reads: "The trial court abused its discretion in applying the wrong legal standard and in denying appellant's motion to terminate his spousal support obligation, and the trial court failed to conduct the requisite independent review of the decision by the magistrate." Mr. Shivak presents two arguments under this assignment: (1) the trial court failed to consider his reduced income; and (2) the trial court did not independently review the magistrate's decision, as evinced by the similar language contained in both the magistrate's decision, and the trial court's judgment entry.

{¶12} The second assignment of error reads:

{¶13} "In addition to the substantial change in the appellant's financial circumstances not contemplated at the time of the court's prior order, the trial court also abused its discretion in failing to terminate the spousal support in this case based on the significant inequity that results from the order of support in excess of the parties'

4

relatively short marriage." Essentially, Mr. Shivak argues he should not be required to deplete his separate assets to provide indefinite support as a result of this marriage of short duration.

{¶14} We consider the assignments of error together.

{¶15} In order to modify spousal support, a trial court must retain jurisdiction to do so in the divorce decree. R.C. 3105.18(E)(1). In this case, it is undisputed the trial court retained the requisite jurisdiction in both the original decree, and its 2009 judgment entry modifying the amount of support. Further, before it can modify, the trial court must find there has been a substantial change in circumstances, not contemplated when the award was made, which makes the prior award no longer reasonable or appropriate. R.C. 3105.18(F)(1).

{¶16} Ms. Shivak's Social Security disability determination was finalized in March 2005, some 16 months before Mr. Shivak filed for divorce, and approximately ten months prior to the marriage's termination date of February 1, 2006. It is not apparent from the record whether the conditions leading to her disability were present of known when the parties were married in 1999.

{¶17} Ultimately, we find the trial court abused its discretion by failing to take into account the depletion of Mr. Shivak's separate assets. While these may have appreciated in gross value, the income they generate has dropped from more than $10,000 per year at the time of divorce, to less than $1,000.

{¶18} Mr. Shivak notes that the Supreme Court of Ohio has held that awards of spousal support should generally have a definite termination date. *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 69 (1990). He further observes that many courts of appeals have held

5

that an indefinite award of spousal support may be inappropriate when the marriage, like that here, was of short duration. We respectfully disagree that the spousal support awarded in this case is, strictly speaking, indefinite. This court, in commonplace with others, has held the lack of a termination date for spousal support, when the trial court retains power to modify, is not an indefinite award. *Brys v. Brys*, 11th Dist. Trumbull No. 2010-T-0113, 2012-Ohio-524, ¶36 (collecting cases). However, we have also recognized that such an award can act as a de facto award of indefinite support. *Id.* at ¶37.

{¶19} In *Green v. Green*, 8th Dist. Cuyahoga No. 72941, 1998 Ohio App. LEXIS 4478, *6-9, the trial court considered a marriage of similar duration to the Shivaks' marriage, where husband also retained significant earning capacity, while wife was physically disabled from working. The trial court ordered only four years of spousal support, despite its conclusion wife needed indefinite support, due to the short duration of the marriage. *Id.* at *8. The court of appeals affirmed. *Id.* at *9-10.

{¶20} Further, as the Tenth District has observed:

{¶21} "[A] party need not liquidate assets awarded to that party upon divorce just to reduce the need for spousal support or to maintain that party's standard of living. *Fulmer v. Fulmer* (May 5, 2000), Trumbull App. No. 98-T-0146, 2000 Ohio App. LEXIS 1940 ('Ohio appellate courts have consistently refused to require the party receiving spousal support to invest his or her portion of the marital property division in order to reduce the need for spousal support.')." *Birath v. Birath*, 10th Dist. Franklin No. 04AP-929, 2005-Ohio-2295, ¶11.

{¶22} In this case, Mr. Shivak would be required to liquidate his separate assets to continue the spousal support, which he should not have to do.

{¶23} The judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is reversed and remanded, with instructions that Mr. Shivak's spousal support obligation be terminated.

CYNTHIA WESTCOTT RICE, J., concurs with a Concurring Opinion,

THOMAS R. WRIGHT, J., concurs in Judgment Only.

_____

CYNTHIA WESTCOTT RICE, J., concurs with a Concurring Opinion.

{¶24} While I concur with the majority's disposition of this case, the authority cited in ostensible support for the conclusion is inapposite and therefore inapplicable to this case. Specifically, I agree that husband should not be required to liquidate his non-marital assets to continue paying the spousal support order. The majority, however, cites *Birath v. Birath*, 10th Dist. Franklin No. 04AP-929, 2005-Ohio-2295, in support of this position. In *Birath,* the Tenth District, citing this court's holding in *Fulmer v. Fulmer*, 11th Dist. Trumbull No. 98-T-0146, 2000 Ohio App. LEXIS 1940, held that a payee spouse should not be required to liquidate his or her personal assets in order to *decrease* the need for spousal support. This case presents the opposite situation; namely, the payor spouse has been placed in a position where he must liquidate his personal assets in order to meet the obligations of the spousal support order. I agree

7

with the majority that such an outcome is inequitable and improper. *Birath* and *Fulmer*, however, do not stand for this proposition.

{¶25} In my view, husband's need to liquidate his non-marital assets represents a substantial change of circumstance not contemplated when the original order was entered. The circumstances therefore justify modification under the statute. *See* R.C. 3105.18(F)(1).

{¶26} I recognize that wife's illness does not permit her to work; nevertheless, husband's spousal support obligation has persisted longer (over nine years) than the duration of the marriage (six years and seven months). Husband's income at the time of divorce was over $60,000; at the time the motion at issue was filed, his income was just over $23,000. This reduction in income was clearly an unanticipated event at the time of the original order. And it is true that husband is able to work and potentially earn a living similar to his income at the time of the divorce. Still, the record indicates he was unemployed at the time the motion was filed and his assets were depleting. While I am sympathetic to wife's health problems, she is not husband's ward. Thus, under the facts of this case, I agree that the trial court abused its discretion in failing to terminate the husband's spousal support obligation.

{¶27} I respectfully concur.