[Cite as *Taylor v. Taylor*, 2017-Ohio-2594.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| FREDERICK TAYLOR, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2015-T-0110** |
| VICTORIA TAYLOR, | : | |
| Defendant-Appellee. | : | |

Appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division, Case No. 2012 DR 00131.

Judgment: Affirmed.

*Elise M. Burkery*, and *Robert F. Burkey*, Burkery, Burkey & Scher Co., LPA, 200 Chestnut Avenue, N.E., Warren, OH 44483-5805 (For Plaintiff-Appellant).

*Brendan J. Keating*, Guarnieri & Secrest, PLL, 151 East Market Street, P.O. Box 4270, Warren, OH 44482. (For Defendant-Appellee).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Frederick Taylor, appeals the trial court's judgment overruling his objections and adopting the magistrate's decision regarding spousal support and other post-divorce issues. For the following reasons, we affirm.

{¶2} Appellant filed for divorce in March of 2012. The parties had been legally separated since November 2010. The trial court issued a temporary order directing appellant to pay appellee $2,000 per month in support.

{¶3} In August 2014, appellant's pension was divided pursuant to court orders, and appellant unilaterally stopped paying his monthly spousal support obligation. Appellee moved the court to determine spousal support and determine delinquent payments owed to her. Appellant then moved to terminate his spousal support obligation effective August 1, 2014, the date appellee began receiving $1,197.02 per month as her marital share of his pension.

{¶4} Appellee subsequently filed an emergency motion for support and to hold appellant in contempt for his nonpayment of support. The court set the matter for an evidentiary hearing before a magistrate and ordered appellant to temporarily pay $650 per month in support.

{¶5} Thereafter, appellant filed a motion to sell the marital real estate arguing that appellee incurred liens against her interest in the real estate and that her counsel failed to respond to his requests to sell the property.

{¶6} Following the hearing, the magistrate ordered appellant to continue to pay $650 per month in spousal support plus 2 percent poundage retroactive to August 1, 2014. He also found that appellee should keep her entire pension. The magistrate's decision also grants appellant's motion to sell the marital real property. Appellant filed one objection, stating:

{¶7} "For cause, the decision is contrary to the law applicable to this matter, contrary to the facts, did not account for Plaintiff's marital bills that were allocated to him, did not take into account the Plaintiff's health, found in favor of Defendant on an arrearage of 12 months through no fault of his own. Plaintiff reserves the right to assert additional objections upon review of the transcript * * *."

2

{¶8} Appellant did not file any supplemental objections. The trial court subsequently overruled his objection and adopted the magistrate's decision. It also orders in part that the net proceeds from the sale of the marital real property shall be distributed per the divorce judgment entry, and concludes stating that all pending motions have been adjudicated and that the case is closed.

{¶9} Appellant asserts two assigned errors on appeal. His first argument states:

{¶10} "The trial court erred in giving wife spousal support and her full pension contrary to court order and without consideration of all factors including appellant husband's health."

{¶11} This assigned error consists of two arguments. First appellant asserts the trial court's spousal support award in his ex-wife's favor was an abuse of discretion because it failed to take into account his diabetes and his significant expenses incurred in maintaining the marital home. Second, he claims the trial court failed to divide appellee's pension contrary to its prior order, which consequently reduces his income and his ability to pay. We address each issue in order.

{¶12} A trial court's spousal support award can only be altered on appeal if its decision constitutes an abuse of discretion. *Haven v. Haven*, 5th Dist. Ashland No. 12-COA-013, 2012-Ohio-5347, ¶39, citing *Kunkle v. Kunkle,* 51 Ohio St.3d 64, 67, 554 N.E.2d 83 (1990).

{¶13} "'* * * [T]he term "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record.' *State v. Underwood,* 11th Dist. No. 2008–L–113, 2009-Ohio-2089, 2009 WL 1177050, ¶ 30, citing *State v. Ferranto,* 112 Ohio St. 667, 676–678, 148 N.E. 362 (1925). * * *[A]n

abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal decision-making.' *State v. Beechler,* 2d Dist. No. 09–CA–54, 2010-Ohio-1900, 2010 WL 1731784, ¶ 62, quoting Black's Law Dictionary (8 Ed.Rev.2004) 11. When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error (of course, not all errors are reversible. Some are harmless; others are not preserved for appellate review). By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.' *Id.* at ¶ 67." *Ivancic v. Enos*, 2012-Ohio-3639, 978 N.E.2d 927, ¶70 (11th Dist.).

**{¶14}** In determining whether to grant spousal support and in determining the amount and duration of the payments, the trial court must consider the factors listed in R.C. 3105.18(C)(1)(a) through (n). A trial court has broad discretion to examine all the evidence before it determines whether an award of spousal support is appropriate. *Holcomb v. Holcomb,* 44 Ohio St.3d 128, 130, 541 N.E.2d 597 (1989). R.C. 3105.18(C)(1) states:

**{¶15}** "In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, * * * the court shall consider all of the following factors:

**{¶16}** "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

**{¶17}** "(b) The relative earning abilities of the parties;

4

{¶18} "(c) The ages and the physical, mental, and emotional conditions of the parties;

{¶19} "(d) The retirement benefits of the parties;

{¶20} "(e) The duration of the marriage;

{¶21} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

{¶22} "(g) The standard of living of the parties established during the marriage;

{¶23} "(h) The relative extent of education of the parties;

{¶24} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

{¶25} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

{¶26} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

{¶27} "(l) The tax consequences, for each party, of an award of spousal support;

{¶28} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

{¶29} "(n) Any other factor that the court expressly finds to be relevant and equitable."

5

**{¶30}** There is nothing in R.C. 3105.18 requiring a trial court to make specific findings of fact regarding its award of spousal support, and in the absence of a specific request for findings of fact, a trial court is not required to identify and discuss the factors it relied on in reaching its award. *Carman v. Carman*, 109 Ohio App.3d 698, 703, 672 N.E.2d 1093 (12th Dist.1996).

**{¶31}** When a party fails to request findings of fact and conclusions of law, we presume the trial court considered all the factors in R.C. 3105.18 and all other relevant facts in a case. *Id.* citing *Cherry v. Cherry*, 66 Ohio St.2d 348, 356, 421 N.E.2d 1293 (1981). "Despite the presumption that the trial court considered the R.C. 3105.18 factors, the court is still required to provide some illumination as to its underlying reasons or basis for the award of spousal support. *Lambert v. Lambert,* 11th Dist. No. 2004–P–0057, 2005-Ohio-2259, 2005 WL 1075737, at ¶ 23. The court's basis for spousal support is necessary to facilitate an adequate appellate review. *Id.* at ¶ 22." *Derrit v. Derrit*, 163 Ohio App.3d 52, 2005-Ohio-4777, 836 N.E.2d 39, ¶30 (11th Dist.).

**{¶32}** Here, neither party requested findings of fact and conclusions of law following the magistrate's decision. Thus, we presume the trial court considered all the pertinent factors in fashioning its spousal support award.

**{¶33}** The court's July 24, 2015 decision finds that this was a marriage of long duration. It also finds that appellee receives approximately $2,100 per month after receiving her one-half of appellant's pension and 100 percent of her pension. It also finds that appellant receives $4,050 per month after paying appellee one-half of his pension. The court notes that the parties live separately, and both have their own living expenses outlined in their expense affidavits. The court orders appellant to pay $650 per month in spousal support retroactive to August 1, 2014.

6

**{¶34}** The parties' testimony confirms that both were retired and more than 70 years old at the time of hearing. They were married for more than 32 years, and each presented evidence as to their fixed incomes and separate expenses.

**{¶35}** As for appellant's diabetes, his limited testimony on this issue does not indicate that his income is affected by his medical condition, and his expense affidavit does not identify any specific costs associated with his condition. Thus, the fact that he has diabetes was before the trial court, and we presume the court properly considered all evidence before it consistent with R.C. 3105.18.

**{¶36}** As for appellant's argument that the court did not consider his expenses associated with the marital real estate, we disagree. The trial court indicates that it considered the parties' expense affidavits. And appellant's affidavit sets forth his mortgage payment, real estate taxes, and homeowner's insurance associated with the marital home. It also identifies appellant's $170 per month payment for the home's furnace, which is also in his testimony.

**{¶37}** Thus, we disagree that the trial court abused its discretion and did not consider his payments for expenses associated with the marital real property. These facts were before the court upon its issuing its spousal support award.

**{¶38}** Based on the foregoing, we do not find the trial court abused its discretion in ordering appellant to pay $650 per month in spousal support. This argument lacks merit.

**{¶39}** Appellant's second issue in this assigned error alleges the court failed to divide appellee's pension consistent with prior orders of the court. Appellant did not object to the magistrate's decision on this basis.

7

**{¶40}** Ohio Civ.R. 53(D)(3)(b)(iv), *Waiver of right to assign adoption by court as error on appeal*, provides:

**{¶41}** "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

**{¶42}** Thus, appellant has waived the right to assign as error on appeal the trial court's determination that appellee will retain 100 percent of her pension because he failed to object on this basis. *Kiewel v. Kiewel,* 9th Dist. Medina No. 09CA0075–M, 2010-Ohio-2945, 2010 WL 2560088, at ¶17 (failing to object to a magistrate's decision under Civ.R. 53(D)(3)(b)(iv) constitutes a forfeiture of the matter on appeal.)

**{¶43}** Appellant does not make a claim of plain error. Notwithstanding, in civil cases, the plain error doctrine applies only in extremely rare cases involving exceptional circumstances where an un-objected to error ""seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."" *Nemeth v. Nemeth*, 11th Dist. Geauga No. 2007-G-2791, 2008-Ohio-3263, ¶22, quoting *Phillips v. Phillips,* 11th Dist. No. 2006–A–0037, 2007–Ohio–3368, at ¶42, quoting *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997).

**{¶44}** During the spousal support hearing, appellee testified that her pension is $360 per month and that she wants to continue to receive 100 percent of her pension. Her attorney also elicited testimony from her in attempt to persuade the court to allow her to keep the entirety of her pension, which in turn reduces appellant's monthly

spousal support obligation, so she will incur fewer taxes.  Appellant did not present any argument at the hearing why appellee should not continue to receive the full amount of her pension.  As appellant contends, the trial court's September 2013 divorce decree orders the parties to have their pensions evaluated and then to divide them equally.  However, this order was interlocutory and subject to modification since the court had yet to determine spousal support and dispose of the parties' real estate.  Civ.R 54(B); *Harris v. Lucic Gen. Contractors, Inc.*, 11th Dist. Lake No. 2011-L-112, 2012-Ohio-2004, ¶15; *Garvin v. Garvin*, 4th Dist. Jackson No. 02CA23, 2004-Ohio-3626, ¶9; *Mahlerwein v. Mahlerwein*, 160 Ohio App.3d 564, 2005-Ohio-1835, 828 N.E.2d 153, ¶54 (4th Dist.)  Moreover, the court's decision to allow appellee to keep 100 percent of her pension came after learning about the disparity in the parties' pensions and incomes and provided appellant with monthly income of $3,400 and appellee with $2,750 in monthly income.   Accordingly, the trial court's decision was equitable, and we do not discern any plain error affecting the legitimacy of the underlying proceedings. Appellant's second issue under his first assigned is overruled.

{¶45}  Appellant's first assigned error lacks merit in its entirety.

{¶46}  Appellant's second assigned error alleges:

{¶47}  "The trial court erred in listing the house for sale without consideration of the judgment liens incurred by the appellee wife and without further testimony to determine those liens or giving a credit for the spousal support arrearages."

{¶48} This assigned error also consists of two distinct arguments.   First, appellant claims the trial court erred in ordering the marital real property sold, and second, he asserts that the commencement date for the spousal support award is an abuse of discretion since it created a significant arrearage.  Both arguments lack merit.

9

**{¶49}** Appellant did not object to the court's decision ordering the sale of the marital real property. The trial court subsequently adopted the magistrate's decision, noting that all motions were adjudicated. Since appellant did not object on this basis, we can only review this alleged error for plain error. Civ.R. 53(D)(3)(b)(iv). Plain error occurs only in rare and exceptional cases where an un-objected to error seriously undermines the fairness, integrity, or the legitimacy of the underlying judicial process. *Nemeth* supra. Appellant does allege plain error.

**{¶50}** Further, appellant's argument begins with claims that his wife incurred liens against the marital real estate and then filed for bankruptcy thereby eliminating her personal liability. He also asserts the property is in foreclosure through no fault of his own. While appellant mentions appellee's liens in his testimony, his limited reference provides no indication as to the extent or amount of the liens. Further, there is nothing evidencing any bankruptcy or foreclosure proceedings. Thus, any reference to the same is not properly before us. App.R. 9(A) and 12(A)(1)(b). Notwithstanding, we review the court's order to sell the marital property for plain error.

**{¶51}** The June 23, 2015 evidentiary hearing begins with the magistrate noting that there are two unresolved issues, i.e., spousal support and the parties' marital real estate. During the hearing, however, appellant does testify about his expenses associated with the marital property. In concluding the hearing, the magistrate states:

**{¶52}** "THE COURT: I'll take this matter under advisement * * *. And then you guys are going to have to reschedule the real estate issue. Right?

**{¶53}** "[APPELLANT'S ATTORNEY]: Correct.

**{¶54}** "THE COURT: And based on how this [spousal support award] comes out, that may trigger what the issues are in the real estate also. Right?

10

{¶55} "* * *

{¶56} "THE COURT: Okay. That will conclude this portion of the hearing."

{¶57} Notwithstanding the trial court's notation that this issue was not concluded, its subsequent decision grants appellant's own motion to sell the real estate. Appellant does not assert plain error nor do we see any error affecting the legitimacy of the judicial process here. Instead, and despite the magistrate's indication that the real estate issue was going to be addressed at a subsequent hearing, the trial court granted appellant's motion to sell the real estate and ordered the proceeds to be distributed in accordance with the parties' divorce decree. The divorce decree states in pertinent part:

{¶58} "During the pendency of the sale, Plaintiff will have exclusive occupancy of said residence and assume full obligation for the cost of utilities. The parties will share the cost for the property's insurance and real estate taxes.

{¶59} "From the sale proceeds Plaintiff will be reimbursed dollar for dollar for the reduction in the mortgage balance."

{¶60} Thus, while the court may have erred in ordering the property sold without conducting the aforementioned hearing, it is conceivable that appellant acquiesced in the court's ordered sale because he wanted the property sold.

{¶61} Furthermore, we find no plain error because the decision granting appellant's motion to sell the marital real estate does not seriously affect the basic fairness, integrity, or public reputation of the judicial process. Appellant's first argument under his second assigned error is overruled.

11

{¶62} His second argument under this assigned error alleges the trial court abused its discretion by ordering his support obligation retroactive to August 1, 2014, thus causing a substantial arrearage. We disagree.

{¶63} Appellant was compliant with his temporary support payments in the amount of $2,000 per month until August 2014 when he stopped paying. His decision to stop paying support coincides with the division of his pension. Appellee began receiving her marital share of appellant's pension in the amount of $1,197.02 per month on August 1, 2014, and appellant explained that he could not afford to pay her both.

{¶64} The trial court issued its Judgment Entry Decree of Divorce in September 2013, which states that once appellant's retirement benefits were determined, the court would conduct a hearing to determine what amount, if any, appellant will pay to appellee in spousal support. It also states: "*Until then*, the Plaintiff shall continue to pay temporary spousal support to the Defendant in the amount of $2,000.00 per month." (Emphasis added.)

{¶65} On August 25, 2014, appellee filed a motion for the court to "reconvene a spousal support hearing" and determine the amount of delinquent temporary spousal support owed to her. Appellee subsequently filed an emergency motion for support and motion seeking to hold appellant in contempt of court for his nonpayment. The court set the matter for an evidentiary hearing and temporarily ordered appellant to pay $650 per month in spousal support effective February 1, 2015.

{¶66} Appellant explained that once his pension was divided, he was unable to afford his $2,000 per month support obligation. Appellee testified that she began receiving her entire pension in August 2014 and that it was never divided with appellant. She explained that her pension was not divided because appellant had completely

12

stopped paying her spousal support, and she did not have enough money to live. Her children had to pay her rent during this time.

**{¶67}** Following the evidentiary hearing, the trial court maintained appellant's spousal support obligation at $650, but ordered him to pay this amount retroactive to August 1, 2014. It did not find him in contempt.

**{¶68}** Contrary to appellant's argument, the arrearage was caused by appellant's decision to stop paying support, and the court's order making his obligation retroactive to August 1, 2014 is reasonably consistent with the date he stopped. In light of the foregoing, we find no abuse of discretion, and appellant's second argument under his second alleged error is overruled. This assigned error lacks merit in its entirety.

**{¶69}** Based on the foregoing, the trial court's judgment is affirmed.


DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

13