This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. Crawford v. Eastland Shopping Mall Assn. (1983),11 Ohio App.3d 158.
Plaintiff-appellant The Brandon/Wiant Company ("appellant") appeals the decision entered in the Cuyahoga County Court of Common Pleas in which the trial court, without articulating its reasoning, granted in part and denied in part its motion for prejudgment interest and for reasonable attorneys fees. This judgment allowed only $4,599 of appellant's prayed for fees of $63,973 and, then, the trial court denied appellant's request for findings of fact and conclusions of law brought pursuant to Civ.R. 52. For the reasons stated below, we reverse the decision of the trial court.
The record reveals that the underlying litigation was initially commenced by appellant on December 18, 1995 as an action to collect rent due on a lease from defendant-appellant Ricardo B. Teamor ("appellee"), who vacated the leasehold premises with seven months remaining in breach of his lease. Subsequently, appellee answered the complaint and ultimately filed an amended answer in which he asserted counterclaims for which he sought $100,000 in damages. In December, 1996, on the scheduled date of trial, the court postponed trial to permit appellee to submit a motion to dismiss/motion for summary judgment based upon the holding of New York Life Ins. Co. v. Simplex Products Corp.
(1939), 135 Ohio St. 501. The record demonstrates that, at that point, appellant had incurred over $40,000 in attorneys fees. In January 1997, after briefing by the parties, appellee's motion for summary judgment was granted. On January 27, 1997, appellee dismissed his counterclaim with prejudice. The grant of appellee's summary judgment was appealed to this court. In TheBrandon/Wiant Company v. Ricardo B. Teamor (Jan. 15, 1998), Cuyahoga App. No. 72040, this court finding that the trial court erred in granting summary judgment to appellee on the basis ofSimplex, supra, reversed the decision of the trial court and remanded the matter. Appellee appealed this court's decision to the Ohio Supreme Court which denied jurisdiction.
On remand, appellant moved for partial summary judgment which was denied. The matter was set for trial to commence on February 16, 1999. On January 29, 1999, the parties filed a joint motion for continuance of trial which was denied by the court. On the morning of trial, after three years of protracted litigation, the parties entered into a stipulated judgment entry on the amount of rent owed by appellee as $9,693.89, further specifying briefing was to be submitted on the outstanding issues of prejudgment interest and reasonable attorneys fees as permitted by the terms of the lease. Appellant's request for attorneys fees was supported by affidavit, with billing and fee statements. Appellee claimed that appellant's fees were patently unreasonable and should have been calculated on a contingency basis rather than an hourly rate as supported by affidavit of a local attorney. Thus, appellee requested appellant's motion for attorneys fees be denied or, alternatively, a hearing held before the court. On March 25, 1999, without hearing on the matter and without opinion, the trial court entered the judgment appealed within. On April 5, 1999, appellant filed its request for findings of fact and conclusions of law pursuant to Civ.R. 52. The next day, the trial court ordered the parties to submit proposed findings of fact. On April 15, the court denied appellant's request for findings of fact and found its own order for proposed findings to be moot. On April 23, appellant filed its proposed findings of fact and conclusions of law.
Appellant timely appeals from these rulings and advances two assignments of error for our review.
 I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST FOR FINDINGS OF FACT AND IN FAILING TO ISSUE FINDINGS OF FACT AND CONCLUSIONS OF LAW ON THE ISSUE OF ATTORNEY FEES.
 II. THE TRIAL COURT ERRED BY FAILING TO EVALUATE THE EVIDENCE PRESENTED IN LIGHT OF THE ANALYSIS SET FORTH IN BITTNER v. TRI-COUNTY TOYOTA, INC. (1991), 58 OHIO ST.3D 143, AND FURTHER ERRED IN FINDING THAT ONLY $4,599.24 OF THE $63,973 IN ACTUAL ATTORNEY FEES INCURRED BY APPELLANT WERE REASONABLE.
Appellant contends that the trial court committed reversible error in its denial of the motion advanced pursuant to Civ.R. 52. Appellee, on the other hand, submits that the court's determination of attorneys fees was made as a matter of law and, as a consequence, Civ.R. 52 does not apply.
Civ.R. 52 provides:
 When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.
We acknowledge that, consistent with appellee's argument, a court need not issue findings of fact when its decision is based solely on conclusions of law. However, the provisions of Civ.R. 52 are mandatory when questions of fact are determined by the court without a jury. Werden v. Crawford (1982), 70 Ohio St.2d 122,124; State ex rel. Papp v. James (1994), 69 Ohio St.3d 373,377. Thus, when pursuant to Civ.R. 52, a party requests the court to reduce its findings of fact and conclusions of law to writing in an action tried without a jury, the court has a mandatory duty to do so. In re Adoption of Gibson, (1986), 23 Ohio St.3d 170. The purpose of the rule is to aid the appellate court in reviewing the record and determining the validity of the basis of the trial court's judgment. Id.
As a general rule, the reasonableness of the value of attorney's fees ordinarily must by proven by competent, credible evidence and is not a proper matter for judicial notice. Gioffrev. Simakis (1991), 72 Ohio App.3d 424, 428. An exception to this general rule exists where the value of the services is so obviously reasonable that it may be determined as a matter of law. Frey v. Stegall (May 2, 1994), Athens App. No. 1568, unreported. However, absent such special circumstance, the determination of the reasonableness of attorneys fees is within the discretion of the trial court. Meacham v. Miller (1992),79 Ohio App.3d 35.
The trial court must make a factual determination with regard to the reasonableness of the fees charged. Nelson v. Nimylowycz
(July 13, 1995), Cuyahoga App. No. 67901, unreported; McCoy v.McCoy (1993), 91 Ohio App.3d 570, 584. To determine reasonableness, the court may look to the guidelines set forth in DR 2-106(B). The ultimate determination of reasonableness must take into consideration all the factors relating to reasonableness of the fees in a particular case. See In re Wood
(1977), 55 Ohio App.2d 67, 73-74. The trial court has the discretion to determine the amount of a fee award due to its superior understanding of the litigation and the desirability of avoiding frequent appellate review of what are essentially factual matters. Board of Educ. Austintown Sch. Dist. v. MahoningC. (Dec. 18, 1998), Mahoning App. No. 95 CA 106, unreported; citing Hensley v. Eckerhart (1983), 461 U.S. 424 at 437. Thus, an award for attorneys fees will not be overturned on appeal absent an abuse of discretion. Motorists Mutual Ins. Co. v. Bradenburg
(1995), 72 Ohio St.3d 157, 160.
Here, the trial court has implicitly determined as a matter of law that, pursuant to the contractual terms of the lease agreement, appellant was entitled to attorneys fees. However, the record further demonstrates that the trial judge who presided over this case less than one month prior to the entry of the stipulated judgment found the value of reasonable attorneys fees for appellant's three and one-half years of protracted litigation was merely one-twelfth of the submitted fee bills. Such a decision evidences a factual determination made at the discretion of the court and not made as a matter of law.
We concede that a trial court may substantially comply with Civ.R. 52 where its judgment adequately explained the basis for the decision. Strah v. Lake Cty. Humane Soc. (1993), 90 Ohio App.3d 822. The purpose of separately stated findings of fact and conclusions of law is to enable the reviewing court to determine existence of assigned error; if the trial court's ruling or opinion, together with other parts of the trial court's record, provides adequate basis upon which the appellate court can decide legal issues presented, there is substantial compliance with the procedural rule requiring the court to make separate findings of fact and conclusions of law. Abney v. Western Res. Mut. Cas. Co.
(1991), 76 Ohio App.3d 424. The test for determining whether a trial court's opinion satisfies the requirements of Civ.R. 52 is whether the contents of the opinion, when considered together with other parts of the record, forms an adequate basis upon which to decide the narrow legal issues presented. Werden v.Crawford (1982), 70 Ohio St.2d 122, 124. Findings and conclusions must articulate an adequate basis upon which a party can mount a challenge to, and the appellate court can make a determination as to the propriety of, resolved disputed issues of fact and the trial court's application of the law. See Kroeger v. Ryder,
(1993) 86 Ohio App.3d 438.
After reviewing the record and the judgment entry in this case, we find neither the record nor the trial court ruling, even when taken together, provide a basis for this court to determine whether the trial court's judgment constituted an abuse of its discretion.
Therefore, since the reasonableness of attorneys fees in the matter sub judice necessarily involved the determination of factual issues and the opinion of the trial court fails to provide an adequate basis upon which this court can determine whether the trial court abused its discretion in its determination of the reasonableness of the requested fees, we find that the provisions of Civ.R. 52 are applicable. Accordingly, we find the trial court's failure to issue findings of fact and conclusions of law as requested by appellant is reversible error. Appellant's first assignment of error is well taken.
Further as explained above, this court cannot properly evaluate appellant's second assignment of error without the trial court's findings of fact. Since we find appellant's first assignment of error meritorious, we need not address appellant's second assignment of error pursuant to App.R. 12(A)(1)(c) as it is rendered moot.
We reverse the decision of the trial court and remand the matter for issuance of findings of fact and conclusions of law.
Reversed and remanded.
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J. and MICHAEL J. CORRIGAN, J., CONCUR.
 _________________________________ TIMOTHY E. McMONAGLE PRESIDING JUDGE