OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendants-Appellants, Thomas and Martha Lippitt, appeal the decision of the Monroe County Court of Common Pleas which ordered a piece of real estate owned by co-tenants, the Lippitts and Plaintiffs-Appellees, Bruce and Kathleen McCarthy, sold at public auction and granted each couple one half of all sale proceeds after the payment of legal obligations. The basic issue before this court is whether the trial court erred by not equitably adjusting the partition of the proceeds in the Lippitts favor due to improvements they made to the property. But the Lippitts also challenge the trial court's decision not to grant a new trial and its response to their request for separate findings of fact and conclusions of law.
 {¶ 2} After a bench trial, a trial court must issue findings of fact and conclusions of law if they are requested by either party. The findings a trial court gives are sufficient if the contents of the opinion, when considered together with other parts of the record, form an adequate basis upon which to decide the narrow legal issues presented. In this case, the trial court's entry stated it could not establish any equitable adjustments in favor of either party with any certainty. This finding provides an adequate basis upon which to decide the narrow legal issues presented. Likewise, the trial court did not abuse its discretion when denying the motion for a new trial since its judgment was not against the manifest weight of the evidence or contrary to law.
 {¶ 3} When a piece of property owned by co-tenants is partitioned, a trial court may equitably adjust the partition if one party has enhanced the value of the property by improving it. In this case, the Lippitts failed to prove that the improvements they performed on the property enhanced the value of that property, especially since the property's appraised value was less than they originally paid for it. Thus, it does not appear that the trial court abused its discretion when it refused to equitably adjust the parties' shares of the property. For these reasons, the trial court's decision is affirmed.
 Facts {¶ 4} This appeal arises out of a partition action involving a 55-acre parcel of real estate in Monroe County. The record shows that in 1995, Laverne and Darlene Winland owned a 55.641-acre parcel of real property in Rinard Mills, Ohio. On June 29, 1995, the Winlands sold the property for $56,000 to the Lippitts as trustees of the "L.L. Trust" and to a third party, Darrell Gamiere, giving each a one-half interest.
 {¶ 5} On July 17, 2000, Gamiere and the McCarthys entered into a purchase agreement which would transfer the following portion of the property to the McCarthys: a two-story building, a lean-to building, and an area of land between the two structures. Soon thereafter, Gamiere transferred the remainder of his interest in the property to the McCarthys by quit-claim deed. The deed did not state that Gamiere was transferring an undivided one-half interest. Instead, it purported to transfer the entire 55.641 acres. Conveyance records indicate that appellants paid $10,000 for the property.
 {¶ 6} On December 15, 2000, the Lippitts, as trustees of the L.L. Trust, transferred their interest in the property to themselves individually by quitclaim deed.
 {¶ 7} Subsequently, the McCarthys filed a pro se complaint seeking declaratory relief in the Monroe County Court of Common Pleas and later amended that complaint to request a partition of the property. The complaint alleged that they were owners of an undivided one-half interest in the real estate but that the buildings on the property had been previously partitioned, by oral agreement, among the parties. The McCarthys claimed sole ownership of two barns and a two-story apartment building. They alleged that the Lippitts were the sole owners of a mobile home and a third barn. The McCarthys also alleged that the parties had agreed orally to lease the various structures to each other. The McCarthys ultimately requested that the property be sold and that the parties be paid according to their interests in the property.
 {¶ 8} Subsequently, the Lippitts filed a pro se answer and counterclaim. They argued that, as co-tenants, they were entitled to equal access to all buildings on the property. The Lippitts argued that there were no valid oral agreements to allocate the buildings to the various parties, and that there were no valid oral leases on the property. They requested that the property be sold to pay off the interests of each party and that they be reimbursed for improvements which they made on the property.
 {¶ 9} The case was heard at a bench trial where the parties appeared pro se. The trial court heard extensive testimony about improvements made on the property, an oral agreement to divide the ownership of the buildings, oral leases on the buildings, and about the failure to record any of these transactions in writing. Gamiere and Mr. Lippitt testified about the improvements they made to the property while they were co-tenants. The parties also testified the property was appraised at $48,000.
 {¶ 10} The trial court entered judgment following trial. It found that the McCarthys and the Lippitts each owned a one-half undivided interest in the property. It ordered that the property be appraised and sold. The trial court ordered the sale proceeds first be used to pay certain legal obligations. It then ordered that the McCarthys receive the first $10,000 from the sale and the Lippitts receive the remainder.
 {¶ 11} The McCarthys appealed the trial court's decision. This court reversed the trial court's partition of the sale proceeds in an appeal styled McCarthy v. Lippitt, 150 Ohio App.3d 367, 2002-Ohio-6435. We determined that the trial court's decision was inequitable because it did not distribute the proceeds proportionate to the interest each owned in the property. "Of course, the trial court may order equitable adjustments to this division, but the co-tenants still continue to own their respective proportional interests after allowing for those adjustments."McCarthy at ¶ 63. This court found that the trial court's decision "for all intents and purposes, divested [the McCarthys] of their proportional share of the excess proceeds." Id. We found that "[t]he trial court may have factored unspecified equitable adjustments into the judgment", but that any such adjustment would "need to be specified in the order." Id. at ¶ 65. This court then remanded this case back to the trial court "for a redetermination of the amounts of any equitable adjustments and for a division of any excess proceeds according to the parties' proportional interests in the property." Id. at ¶ 66.
 {¶ 12} The trial court entered its judgment on remand after a non-oral hearing. It concluded that it could not "with any certainty establish any equitable adjustments in favor of either the plaintiffs-appellants or the defendants-appellees." It then ordered that the parties split the sale proceeds equally after paying the legal obligations. Soon thereafter, the Lippitts filed a motion for a new trial, claiming the trial court's decision was against the manifest weight of the evidence, and a request for separate findings of fact and conclusions of law. The trial court responded to these filings the next day. It denied the Lippitts' motion for a new trial and stated that its findings of fact and conclusions of law were outlined in its earlier judgment entry.
 Findings of Fact and Conclusions of Law {¶ 13} In the first of three assignments of error, the Lippitts assert:
 {¶ 14} "The trial court erred in refusing to make separate findings of fact and conclusions of law."
 {¶ 15} Civ.R. 52 provides that a trial court conducting a bench trial shall state its findings of fact and conclusions of law in writing if requested by a party either before judgment or within seven days after judgment.
 {¶ 16} "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law." Civ.R. 52.
 {¶ 17} As the Lippitts correctly state, "a trial court has a mandatory duty under Civ.R. 52 to issue findings of fact and conclusions of law upon request timely made." In re Adoption of Gibson (1986),23 Ohio St.3d 170, 173. "The purpose of separately stated findings of fact and conclusions of law is to enable a reviewing court to determine the existence of assigned error." Abney v. Western Res. Mut. Cas. Co.
(1991), 76 Ohio App.3d 424, 431. When a party argues the trial court's findings are insufficient, then a reviewing court must determine whether the trial court substantially complied with the procedural rule requiring the court to make separate findings of fact and conclusions of law.Brandon/Wiant Co. v. Teamor (1999), 135 Ohio App.3d 417, 423. "The test for determining whether a trial court's opinion satisfies the requirements of Civ.R. 52 is whether the contents of the opinion, when considered together with other parts of the record, form an adequate basis upon which to decide the narrow legal issues presented." Id., citing Werden v. Crawford (1982), 70 Ohio St.2d 122, 124.
 {¶ 18} In this case, the trial court was asked to proportionately partition the property and determine whether either party was entitled to an equitable adjustment. In its April 7th judgment entry, the trial court specifically found that it could not "with any certainty establish any equitable adjustments in favor of either" party and concluded that without any equitable adjustments that it must partition the property equally. It appears these findings substantially comply with Civ.R. 52. It is easy to understand why the trial court partitioned the property equally rather than giving the Lippitts a greater portion of the proceeds. It could find no certain basis for doing so. The trial court did not violate Civ.R.52. The Lippitts' first assignment of error is meritless.
 New Trial {¶ 19} In their second assignment of error, the Lippitts assert:
 {¶ 20} "The trial court erred in denying Appellants' motion for a new trial."
 {¶ 21} The Lippitts moved for a new trial based upon the weight of the evidence and that the judgment was contrary to law. Civ.R. 59 allows a party to move for a new trial if, among other things, the party believes the judgment is against the weight of the evidence or is contrary to law. Civ.R. 59(A)(6), (7). But the Lippitts did not describe how they thought the judgment was against the weight of the evidence or how it was contrary to the evidence in that motion and they have failed to do so on appeal. Their argument appears to be that the evidence they introduced about the real and imputed costs of the improvements they made to the property was sufficient for the trial court to equitably adjust the partition of the property in their favor.
 {¶ 22} A trial court's decision regarding a motion for a new trial will not be disturbed absent an abuse of discretion. Sharp v. Norfolk W. Ry. Co. (1995), 72 Ohio St.3d 307, 312. A trial court abuses its discretion when its decision is unreasonable, unconscionable or arbitrary. Id.
 {¶ 23} In this case, the Lippitts introduced evidence of how much they paid to improve the property and how much it would have cost to pay someone in an arms-length transaction to do the improvement to the property. But they failed to present the trial court with any evidence regarding the "value" of those improvements. According to the testimony at trial, the property was appraised at $48,000 after the improvements, $8000 less than the original purchase price. The apparent reduction in the value of the property may or may not be attributable to what the Lippitts did to the property and their efforts may have kept the property from losing even more value. But the trial court did not abuse its discretion when it decided that it could not establish with certainty any equitable adjustments was not against the weight of the evidence.
 {¶ 24} Likewise, the trial court did not abuse its discretion when it concluded that its judgment was not contrary to law. The Lippitts have not described how they feel the judgment is contrary to law at any stage of the proceedings and it does not appear to be contrary to law on its face. This court ordered a partition which recognized that each party held a one-half interest in the property. It then stated the trial court could deviate from an even division of the proceeds if it could factor in any equitable adjustments. The trial court found it could not factor in those adjustments, so it divided the proceeds evenly between the parties. This judgment is not contrary to law. Because the trial court did not abuse its discretion when it denied the Lippitts' motion for a new trial, this assignment of error is meritless.
 Equitable Adjustments at Partition {¶ 25} In their third and final assignment of error, the Lippitts assert:
 {¶ 26} "The trial court erred in refusing to make an equitable adjustment of the partition sale proceeds granting Appellants' compensation for improvements to the real estate."
 {¶ 27} Here, the Lippitts argue the trial court erred because it did not take the improvements they made to the property into account when it divided the sale proceeds. In support of their argument, they cite a 1880 Ohio Supreme Court case which states that there should be an equitable adjustment if one co-tenant makes improvements which enhance the value of the property. They argue the evidence is undisputed that they made the improvements and, therefore, the trial court should have made an equitable adjustment.
 {¶ 28} What the Lippitts fail to recognize is that they did not establish that their actions actually enhanced the value of the property in any way. As they point out, if they improved the property with their co-tenant's consent, then the co-tenant should not benefit if the value of the property is enhanced by those improvements. Youngs v. Heffner
(1880), 36 Ohio St. 232, 238. And the Lippitts clearly demonstrated that they did make improvements to the property. But the mere fact that they made improvements does not mean those improvements enhanced the value of the property. This is especially true in light of the fact that the property was worth $8000 less when appraised after the improvements than it was worth when originally purchased by the Lippitts and Gamiere. Of course, the trial court could assume that the improvements must have enhanced the value somewhat. But that conclusion would just be an assumption based on nothing more than mere speculation. Given these facts, the trial court did not err when it determined that the Lippitts were not entitled to an equitable adjustment because the Lippitts failed to prove their case. Their final assignment of error is also meritless.
 {¶ 29} Because each of the Lippitts assignments of error are meritless, the judgment of the trial court is affirmed.
Judgment affirmed.
Donofrio and Vukovich, JJ., concur.