[Cite as *Berger v. Berger*, 2017-Ohio-9329.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| SANDRA L. BERGER, | : | **O P I N I O N** |
| Plaintiff-Appellant/<br>Cross-Appellee, | : | |
| | : | **CASE NO. 2017-G-0108** |
| - vs - | : | |
| THEODORE J. BERGER, JR., | : | |
| Defendant-Appellee/<br>Cross-Appellant. | : | |

Appeal from the Geauga County Court of Common Pleas, Domestic Relations Division, Case No. 12 D 000254.

Judgment: Modified and affirmed as modified.

*Sandra L. Berger*, pro se, 15 Mile Course, Williamsburg, VA 23185 (Plaintiff-Appellant/Cross-Appellee).

*Deanna L. DiPetta* and *Amy M. Keating,* Zashin & Rich Co., L.P.A., Ernst & Young Tower, 950 Main Avenue, 4th Floor, Cleveland, OH 44113 (For Defendant-Appellee/Cross Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant/Cross-Appellee, Sandra L. Berger NKA Sandra L. Evans, appeals the trial court's decision on remand following a prior appeal to this court. Appellee/Cross-Appellant, Theodore J. Berger, cross-appeals. We modify the trial court's decision and affirm as modified.

**{¶2}** We issued our prior decision in this case in December 2015 and affirmed in part, reversed in part, and remanded this case finding three errors. *Berger v. Berger*, 11th Dist. Geauga No. 2014-G-3191, 2015-Ohio-5519, 57 N.E.3d 166, ¶14. The factual and procedural history is fully set forth in our prior opinion and will not be recited here. *Id.*

**{¶3}** Following remand, the trial court issued its new decision December 30, 2016. In response to our 2015 opinion, the trial court reconsidered its valuation of Dreison International, Inc. and included the additional testimony of Gary Wilson; it provided additional security measures to ensure Theodore's property division payments to Sandra; and it reconsidered its spousal support award based on the evidence in the record.

**{¶4}** Sandra asserts two assigned errors:

**{¶5}** "[1.] The trial court erred as a matter of law and abused its discretion in its determination as to the valuation of Dreison.

**{¶6}** "[2.] The trial court erred as a matter of law and abused its discretion in its determination of spousal support."

**{¶7}** Theodore raises five assignments of error:

**{¶8}** "[1.] The trial court erred in failing to provide a sufficient basis for its December 30, 2016 spousal support award and by issuing an award in contravention of this court's prior decision.

**{¶9}** "[2.] The trial court committed reversible error in failing to issue separate findings of fact and conclusions of law in response to the appellee's timely request under Civ.R. 52.

2

**{¶10}** "[3.] The trial court abused its discretion in the amount of its December 30, 2016 spousal support award.

**{¶11}** "[4.] The trial court abused its discretion in failing to set forth a specific and certain termination date for appellee's spousal support obligation.

**{¶12}** "[5.] The trial court erred and abused its discretion by requiring appellee to pledge his stock to appellant and produce corporate tax returns to appellant to allegedly secure his property division payments."

**{¶13}** A majority of the parties' arguments concern matters entrusted to the discretion of the trial court, which we review for an abuse of discretion. *Abram v. Abram*, 9th Dist. Medina No. 3233-M, 2002-Ohio-78 (stating that absent an abuse of discretion, an appellate court will not reverse a trial court's decision regarding spousal support).

**{¶14}** "'[T]he term "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record.' *State v. Underwood,* 11th Dist. No. 2008–L–113, 2009-Ohio-2089, 2009 WL 1177050, ¶ 30, citing *State v. Ferranto,* 112 Ohio St. 667, 676–678, 148 N.E. 362 (1925). * * *[A]n abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal decision-making.' *State v. Beechler,* 2d Dist. No. 09–CA–54, 2010-Ohio-1900, 2010 WL 1731784, ¶ 62, quoting Black's Law Dictionary (8 Ed.Rev.2004) 11. When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error (of course, not all errors are reversible. Some are harmless; others are not preserved for appellate review). By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not

3

enough, without more, to find error.' *Id.* at ¶ 67." *Ivancic v. Enos*, 11th Dist. Lake No. 2011-L-050, 2012-Ohio-3639, 978 N.E.2d 927, ¶70.

**{¶15}** Sandra's first assigned error contains three arguments regarding the valuation of Theodore's business. She argues the trial court erred in its valuation of Dreison on remand because it did not consider Wilson's purchase offer; it erred in adopting Davis' valuation; and it erred in not considering additional evidence on this issue, i.e., the company's value set forth in Theodore's 2014 prenuptial agreement. We disagree.

**{¶16}** We held in our prior decision that the trial court erred in excluding Wilson's testimony, finding that it was improperly excluded as irrelevant, and instead explained, "[a]lthough there may have been issues regarding Wilson's credibility as a witness or concerns regarding how he arrived at this offer, these issues go to his credibility * * *, and as such, could have been addressed on cross-examination." *Berger, supra,* at ¶15. Thus, we reversed and remanded the issue to the trial court for it to reconsider the company's value upon including Wilson's testimony.

**{¶17}** Contrary to Sandra's argument, the trial court considered Wilson's testimony, who testified on remand via video conference consistent with our prior opinion. The trial court, however, found his testimony unpersuasive and not compelling as to the company's valuation. Its decision, in weighing and considering competing evidence on this issue, was well within its discretion.

**{¶18}** The trial court was likewise within its discretion in believing and relying on Davis' valuation of Dreison over that of Ranallo's valuation. "Evaluating evidence and assessing credibility are primarily for the trier of fact * * *." (Citation omitted.) *Moore v. Moore,* 83 Ohio App.3d 75, 78, 613 N.E.2d 1097, (9th Dist.1992). And absent an abuse

4

of discretion, we are precluded from substituting our opinion for that of the trial court. *Ivancic, supra,* ¶70. The trial court's findings in this regard are detailed in our prior decision. *Berger*, *supra*, at ¶24-69. Further, we previously rejected Sandra's argument that the court erred in adopting Davis' valuation over Ranallo's, but we nevertheless remanded for the court to allow and consider Wilson's testimony on this as well. Thus, this argument lacks merit.

{¶19} We also disagree with Sandra's claim that the trial court erred in not considering the valuation of Dreison in Theodore's prenuptial agreement with his second wife, Cindy. As set forth in our prior opinion, the parties agreed to a June 30, 2011 valuation date for determining the company's value as well as the marital share of the equity interest. *Id.* at ¶30. The prenuptial agreement dated May 2014, however, values Theodores' 99.85 percent of the business approximately three years later. In addition, our prior opinion identifies the evidence to be considered on remand as the parties' respective expert reports and testimony and Wilson's offer "to buy the company and his bases for said offer." *Id.* at ¶92. Sandra did not previously attempt to introduce this prenuptial agreement as evidence, and she fails to direct our attention to anything requiring a trial court on remand to consider additional evidence not previously offered.

{¶20} Accordingly, Sandra's first assigned error lacks merit in its entirety and is overruled.

{¶21} Sandra's second alleged error asserts an abuse of discretion based on the trial court's spousal support determination. She claims it erred in failing to consider additional evidence as to Theodore's increased income and earning capacity set forth in his May 2014 prenuptial agreement and in its application of the factors in R.C. 3105.18(C)(1), which state:

5

{¶22} "In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

{¶23} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

{¶24} "(b) The relative earning abilities of the parties;

{¶25} "(c) The ages and the physical, mental, and emotional conditions of the parties;

{¶26} "(d) The retirement benefits of the parties;

{¶27} "(e) The duration of the marriage;

{¶28} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

{¶29} "(g) The standard of living of the parties established during the marriage;

{¶30} "(h) The relative extent of education of the parties;

{¶31} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

{¶32} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

{¶33} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will

6

be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

**{¶34}** "(l) The tax consequences, for each party, of an award of spousal support;

**{¶35}** "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

**{¶36}** "(n) Any other factor that the court expressly finds to be relevant and equitable."

**{¶37}** We disagree. First, the court states it considered the foregoing factors and explains its deviation from its prior $5,000 a month for 90-month award to its $9,000 a month indefinite spousal support award as based on the lack of evidence that Sandra is employable as a secretary or a meditation or yoga instructor, or if she was employable, what her income potential would be. Thus, consistent with our prior opinion, it reconsidered and increased its spousal support determination without relying on the magistrate's findings that we found were not supported by the evidence. *Berger, supra,* at ¶138.

**{¶38}** In addition, we advised the trial court on remand to "determine spousal support based on the current record or take additional evidence to the extent permitted." The trial court did not err or abuse its discretion in choosing to decide the issue based on the previously submitted evidence. Its decision is consistent with our directive on remand. Accordingly, Sandra's second assigned error lacks merit.

**{¶39}** Based on the foregoing, Sandra's assigned errors are overruled.

**{¶40}** As previously stated, Theodore asserts five assigned errors in his cross-appeal. He first challenges the trial court's new spousal support award as contrary to our prior decision and lacking a sufficient basis. We disagree.

7

{¶41} The trial court previously awarded Sandra spousal support in the amount of $5,000 per month for 90 months or 7.5 years. However, both the amount of its award and the duration of the award were based on its findings that Sandra was employable within 7.5 years as a secretary or meditation/yoga instructor with a potential annual income of $60,000 to $90,000. We rejected these findings as not supported by any evidence in the record. *Berger*, *supra*, at ¶138. Thereafter, the trial court on remand did not consider or address additional evidence, but simply modified the amount and term of its prior award based on the error identified in on our opinion. Its modification of the term of the award from 7.5 years to an indefinite award is supported by the record and directly corresponds with our decision. Its decision to increase spousal support by $4,000 per month also corresponds with the lack of evidence as to Sandra's potential future income. The trial court's findings on remand are permissibly narrow in light of the limited changes from its prior decision on this issue. It was not required to rehash its consideration of the other R.C. 3105.18(C)(1) factors on remand.

{¶42} Moreover, we did not preclude the trial court from considering both the term and the amount of the award on remand even though we acknowledged in our prior opinion that an indefinite award was not required in a marriage of long duration. *Id.* at ¶143. Accordingly, we find no abuse of discretion.

{¶43} Theodore's second cross-assignment of error asserts the trial court committed reversible error in failing to issue additional findings of fact in support of its increased spousal support award. Theodore requested findings of fact after the trial court issued its December 30, 2016 decision, and argues the trial court failed to fully detail its findings in support of its spousal support determination sufficient to allow appellate review.

8

**{¶44}** A trial court must issue findings of fact and conclusions of law if a timely request is made to provide appellate courts an adequate basis to determine the validity of the basis for its decision. Civ.R. 52; *Werden v. Crawford,* 70 Ohio St.2d 122, 124, 435 N.E.2d 424 (1982). A trial court substantially complies with Civ.R. 52 if "'the contents of the opinion, when considered together with other parts of the record, form an adequate basis upon which to decide the narrow legal issues presented.'" *State ex rel. Gilbert v. Cincinnati,* 125 Ohio St.3d 385, 2010-Ohio-1473, 928 N.E.2d 706, ¶38, quoting *Brandon/Wiant Co. v. Teamor,* 135 Ohio App.3d 417, 423, 734 N.E.2d 425 (1999). As Theodore contends, a trial court's failure to substantially comply with Civ.R. 52 constitutes reversible error. *Id.*

**{¶45}** However, and as indicated previously, the trial court's spousal support decision on remand is sufficient for appellate review. As stated under Sandra's second alleged error, the trial court's original spousal support decision and findings, in addition to its limited findings on remand, are sufficient for appellate review. The issue on remand was the lack of evidence as to Sandra's potential future income. Because the trial court did not accept additional evidence on this issue on remand, its new findings coupled with its prior detailed analysis of the applicable factors is sufficient. Consequently, the trial court's decision to increase the amount of the award, as well as to change the duration of the award from 7.5 years to an indefinite award, correspond with its findings. Theodore's second cross-assignment of error is overruled.

**{¶46}** His third assigned error asserts the trial court abused its discretion in increasing his spousal support obligation from $5,000 to $9,000 per month because this amount in addition to Sandra's receipt of the annual $150,000 property division award exceeds her standard of living she was accustomed to during the marriage. He also

claims that this increased spousal support award plus his annual property division obligation exceed his annual income of $250,000 per year. This argument, however, ignores the distinction between spousal support and a property division under R.C. 3105.171. R.C. 3105.18(A) states that spousal support "does *not* include any payment made to a spouse or former spouse, * * * that is made as part of a division or distribution of property * * * under section 3105.171 of the Revised Code." (Emphasis added.)

{¶47} Furthermore, a trial court must consider all the statutory factors in fashioning an appropriate and reasonable spousal award and not focus on just one. *Taylor v. Taylor*, 11th Dist. Trumbull No. 2015-T-0110, 2017-Ohio-2594, ¶14. A party's standard of living during the marriage is only one factor a court is required to consider upon fashioning a spousal support award. *Berger, supra,* at ¶142; R.C. 3105.18(C)(1)(g). Thus, Theodore's argument lacks merit.

{¶48} As for Theodore's argument that the spousal support award plus his property division payments exceed his annual income, he is correct. His monthly support payment of $9,000 times 12 months equals $108,000 per year. This in addition to his $150,000 annual property division obligation exceeds his $250,000 annual income by $8,000. Theodore was ordered to pay Sandra $2,095,144.40 for her equitable division of marital property via annual installments of $150,000 until she is paid in full. The court could have directed him to pay her equitable portion in full via a lump sum payment, but instead as an accommodation it ordered installments over a period of years in light of the evidence that his business was not liquid.

{¶49} The trial court ordered Theodore to pay Sandra $9,000 per month or $108,000 per year, which is less than half of his $250,000 income. Pursuant to Theodore's argument, he will now have to liquidate assets to pay his spousal support

10

obligation. However, his argument ignores the fact that assuming he is forced to liquidate assets, he would be liquidating assets to pay Sandra her share of the marital property, which he could have been ordered to liquidate outright.

{¶50} We have previously addressed a comparable issue and found that a trial court abuses its discretion "by failing to take into account the depletion of" the obligor spouse's separate assets and that one should not be required to liquidate his non-marital assets to continue paying a spousal support order. *Shivak v. Shivak*, 11th Dist. Trumbull No. 2014-T-0101, 2015-Ohio-5063, 52 N.E.3d 274, ¶17, 24 (addressing a motion to modify spousal support). Unlike *Shivak*, Theodore argues he cannot satisfy his spousal support award, based solely on his annual income, because of his $150,000 annual payment to Sandra for the division of *marital* property. Although Theodore's marital property division obligation is relevant under R.C. 3105.18(C)(1)(i), upon considering Theodore's assets and liabilities, we do not find that the increased spousal support award here fails to comport with reason or the record. The trial court's decision was within its broad discretion, *Bolinger v. Bolinger*, 49 Ohio St.3d 120, 122, 551 N.E.2d 157 (1990), and his third assigned error is overruled.

{¶51} Theodore's fourth assigned error alleges the trial court abused its discretion in failing to set a spousal support termination date and that it has violated the law of the case doctrine because we addressed this issue in our prior decision.

{¶52} As he contends, Sandra argued in part under her fourth assigned error that the trial court erred in limiting its spousal support award to a 90-month period. Her assigned error challenged both the amount and the duration of the trial court's original spousal support award and asserted numerous arguments in support. *Berger v. Berger,* 11th Dist. Geauga No. 2014-G-3191, 2015-Ohio-5519, 57 N.E.3d 166, ¶133. One of

11

her arguments alleged an abuse of discretion based on the court's failure to award her indefinite spousal support. We disagreed, finding that "long marriages do not, as a matter of law, require indefinite spousal support awards * * *." *Id.* at ¶143. We nevertheless found that this assigned error had merit "in regard to the trial court's predication concerning Wife's future earning capabilities and the need for her to acquire new skills[,]" and we directed the trial court on remand to "determine spousal support based on the current record or take additional evidence to the extent permitted." *Id.* at ¶144.

{¶53} As stated previously, on remand the trial court modified both the amount and the term of the spousal support from 7.5 years to an indefinite award while reserving jurisdiction on this issue because its prior determination was based on the unsupported findings that we reversed, i.e., Sandra's future income and her ability to become self-sufficient in 7.5 years or 90 months. Thus, the trial court did not err or exceed the scope of the remand order in changing the amount and the term of its spousal support award. Theodore's fourth assigned error lacks merit.

{¶54} His fifth and final assigned error challenges the trial court's added security measures to ensure his future property division payments to Sandra as excessive. As security, the trial court ordered him to pledge his shares of Dreison International; maintain an insurance policy with Sandra as the sole beneficiary; pay Sandra a lump sum on the sale of all or a substantial amount of his Dreison stock; and provide her with copies of Dreison's annual tax returns until the property division payments are paid in full.

{¶55} Theodore first claims the pledge of his stock shares to Sandra is impossible because his shares are already pledged. He also claims the parties agreed

12

on remand that it is impossible for him to pledge stock that is already pledged to his primary business lender, and as such, the trial court abused its discretion in ordering the pledge. We agree.

{¶56} In our prior opinion, we held that the trial court failed to provide adequate security for Sandra's property division, to be paid during a twelve-year period. We explained:

{¶57} "Wife argues that the trial court erred in failing to provide sufficient security for the funds being used to equalize the property division. Specifically, Wife argues that the trial court should have required Husband to maintain a life insurance policy as security for the funds. Wife acknowledges that the magistrate ordered a stock pledge as security for the payments, but claims that 'the Magistrate's findings concerning various loan covenants that exist with Appellee's business lender, which restrict certain of Appellee's actions in the operation of Dreison, strongly suggest that appellee's shares of stock have already been pledged to the lender as collateral.' Wife claims that the stock pledge is insufficient collateral given the stock's suspected status as collateral for other loans.

{¶58} "A trial court is required to equitably divide the parties' marital property, and it is afforded wide discretion in fashioning its division. * * * As Wife contends, a trial court has discretion to secure a property division by ordering a spouse to maintain a life insurance policy for the other spouse's benefit. * * *

{¶59} "In *Budd v. Munka,* 9th Dist. Summit No. 27051, 2014-Ohio-4185, 2014 WL 4747950, ¶17, the Ninth District Court of Appeals held that the trial court abused its discretion in fashioning an award that was inequitable because it failed, in part, to order

13

the husband to provide security for the marital property award that was to be paid over the course of ten years.

{¶60} "Here, the trial court ordered Husband to make payments totaling approximately $1.9 million as Wife's portion of the property settlement. This sum was to be paid over 12 years with the pledge of Dreison stock as her only security. While the magistrate properly recognized the need to provide Wife with security, the court did not take evidence on the adequacy of the stock pledge as security. However, there was testimony that Dreison has significant debt. Although there is no evidence that the stock has been pledged to a bank, it would not be unusual if it has been previously pledged in light of the company's substantial debt. Even if the stock is not pledged, there is a significant concern whether it, standing alone, provides adequate security since there are no limitations on Husband's ability to encumber Dreison with additional debt that could render the stock worthless. Thus, this argument has merit because there is nothing establishing that the security ordered is adequate." *Berger v. Berger*, supra, at ¶98-101.

{¶61} We remanded the case for the trial court to address the adequacy of the security anew providing the trial court with a blank slate on remand, holding only that the pledge of stock alone was insufficient to ensure Sandra's future payments. *Id.*

{¶62} Notwithstanding the fact that we highlighted this issue, neither party presented evidence as to whether Theodore's stock was capable of being pledged more than once. Instead, during the hearing on remand, Theodore's attorney argued that the stock could not be pledged because a subsequent pledge would trigger covenants resulting in negative consequences for Theodore's commercial loan. His counsel proffered that "Mr. Berger would have testified today to the fact that there is no stock

14

pledge [to Sandra at this point]. There can't be * * * because * * * the stock can't be pledged because it will trip covenants * * *."

{¶63} Thereafter, and as Theodore contends, Sandra's attorney agrees that the stock cannot be pledged, stating that Theodore could not give a stock pledge because there are cross-collateralizations. Thus, no evidence was taken on this issue.

{¶64} Despite Sandra's counsel's concession, the trial court asked the parties to brief the issue in their closing arguments. Neither side "argued" this point in their written closing arguments. Instead, husband's closing states that the parties agreed that the stock could not be pledged to Sandra because it was already pledged to the company's creditors. And Sandra's written closing does not address the issue, but inconsistent with her attorney's statement at the hearing, reverted back to the request that the stock be pledged as security.

{¶65} "The arguments or statements of counsel may be considered judicial admissions in certain instances. *Hake v. George Wiedemann Brewing Co.* (1970), 23 Ohio St.2d 65, 52 O.O.2d 366, 262 N.E.2d 703. However, in order to constitute a judicial admission, counsel's statements 'must be distinct and unequivocal, and be, by intention, an act of waiver relating to the opponent's proof of fact, and not merely a statement of assertion or concession, made for some independent purpose.' *Shepler v. Love* (Sept. 14, 2001), 6th Dist. No. H–00–022, 3, 2001 WL 1104811, citing *Carl & Gene Towing Serv., Inc. v. Shortway Lines* (Mar. 26, 1982), 6th Dist. No. L–81–265, 2, 1982 WL 6322.

{¶66} "For example, the Ohio Supreme Court held that 'defendant's counsel's assertion in opening statement that the evidence would disclose that an empty beer keg accidentally slipped from hands of defendant's employee, constituted a judicial

15

admission sufficient to establish exclusive management and control on part of defendant at time of injury.' *Courtyard on Coventry v. Giambrone Masonry, Inc.,* (Mar. 9, 2000), 8th Dist. No. 75271, 6, 2000 WL 263737, citing *Hake,* 23 Ohio St.2d 65, 52 O.O.2d 366, 262 N.E.2d 703." *Scatamacchio v. W. Res. Care Sys.,* 161 Ohio App.3d 230, 2005-Ohio-2690, 829 N.E.2d 1247, ¶46-47.

**{¶67}** "A judicial admission is a 'formal statement, made by a party or a party's counsel in a judicial proceeding, that act[s] as a substitute for legal evidence at trial.' *Haney v. Law,* 1st Dist. Hamilton No. C070313, 2008-Ohio-1843, 2008 WL 1758297, ¶7. If a party 'unequivocally concedes a fact, that concession constitutes a judicial admission for the purposes of trial.' *Id.*" *Williams v. Williams,* 12th Dist. Warren No. CA2012-08-074, 2013-Ohio-3318, 996 N.E.2d 533, ¶12.

**{¶68}** We agree with Theodore that Sandra's attorney agreed that this stock should not be pledged to her because it was already pledged as security for business purposes. In light of her statement, Theodore's attorney did not present evidence on this issue. Sandra's statement to the contrary in her written closing argument is of no consequence because her agreement on this issue constitutes a judicial admission, which eliminated the need and opportunity for Theodore to present evidence as to whether the stock was capable of being pledged to Sandra.

**{¶69}** Accordingly, the trial court abused its discretion in ordering the stock to be pledged to Sandra contrary to her counsel's judicial admission. Thus, we modify the trial court's decision and remove the stock pledge requirement.

**{¶70}** Theodore also argues he should not be required to provide his annual corporate tax returns to Sandra until the property division payments are paid in full because this does not provide added security, and instead, constitutes an invasion of

16

his privacy and is unduly burdensome. Sandra disagrees and asserts that the requirement of providing the corporate tax records allows her to monitor corporate activity to ensure that the asset is not being depleted or jeopardized. We agree and find no abuse of discretion. We see little to no burden via the added security measure of requiring Theodore to produce Dreison's annual corporate tax returns to Sandra until the property division is satisfied.

{¶71} Accordingly, this argument lacks merit.

{¶72} The trial court's decision is modified and affirmed as modified.

CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.