[Cite as *Estate of Shury v. Cusato*, 2024-Ohio-2066.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ESTATE OF DONALD SHURY,　　　　:
GREGORY W. KLUCHER AND
ELIZABETH KLUCHER REYNOLDS,　　　　　　　No. 112960
ADMINISTRATORS　　　　　　　:

　　　　Plaintiffs-Appellees,　　:

　　　　v.　　　　　　　　　　:

PAUL CUSATO, ET AL.,　　　　:

　　　　Defendants-Appellants.　:

_____

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** May 30, 2024

_____

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-918245

_____

*Appearances:*

Nicola, Gudbrandson & Cooper, LLC, and Nicholas J. Dertouzos, *for appellees*.

Kehoe & Associates, LLC, Robert D. Kehoe, and Kevin P. Shannon, *for appellants*.

EMANUELLA D. GROVES, J.:

{¶ 1} Defendants-appellants, Paul Cusato ("Cusato") and Growler Restoration, Inc. ("Growler") (collectively "Appellants"), appeal the amount of

attorney fees awarded to them by the trial court. For the following reasons, we affirm the decision of the trial court but remand for the trial court to amend its journal entry.

**Facts and Procedural History**

{¶ 2} This is the parties' second appeal before us. *See Shury v. Cusato*, 2022-Ohio-4401, 203 N.E.3d 175 (8th Dist.) ("*Shury I*"). For ease of analysis, we will only review the facts that are relevant to this case. Detailed facts of the case can be found in *Shury I*. This case was originated by plaintiff-appellee Donald Shury[1] ("Appellee") filing a replevin and conversion action against Appellants for a vintage 1963 Jaguar XKE. Both parties asserted numerous claims against the other.

{¶ 3} Ultimately, the jury decided in favor of (1) Appellants and against Appellee on Appellee's Consumer Sales Practices Act ("CSPA") claim in Count 1 of the complaint; (2) Appellants and against Appellee on the breach of contract and quantum meruit claims in Counts 2 and 3 of appellants' counterclaim; and (3) Appellee on Appellants' defamation and commercial disparagement claims in Counts 4 and 5 of Appellants' counterclaim. Appellee's second claim in Count 2 of the complaint and all of Appellants' other counterclaims were dismissed. Appellants, as the prevailing party on the CSPA claim, sought attorney fees, which

---

[1] A suggested notice of death was filed for Donald Shury in the trial court. Appellants moved to substitute the Estate of Donald Shury and Administrators Gregory W. Klucher and Elizabeth Klucher Reynolds as plaintiffs-appellees, which this court granted on January 11, 2024.

the trial court denied. Appellants appealed the trial court's decision denying attorney fees among other decisions.

{¶ 4} On appeal, this court found that the trial court erred and abused its discretion in denying an award of attorney fees to the Appellants under the CSPA when the evidence supported that the claim was brought and maintained in bad faith. The issue of attorney fees was remanded to the trial court.

{¶ 5} Upon remand, on December 15, 2022, the trial court declared by journal entry its intent to satisfy this court's mandate by using the evidence from a December 8, 2021 attorney-fee hearing. On May 12, 2023, Appellee filed a motion that requested an additional evidentiary hearing. Appellants agreed in their response to the journal entry and requested a hearing as well. The trial court elected not to hold additional hearings, and on June 12, 2023, the trial court filed the following journal entry that reads in part:

> Having considered all of the evidence produced at the attorney's fees hearing held on December 8, 2021, and cognizant of the relevant case authority on the assessment of attorney's fees attributable to an OCSPA claim where legal work was also done on different causes of action and some of the fees sought are for work not exclusively related to the OCSPA claim, judgment for the recovery of attorney fee's under R.C. 1345.09(F) is hereby entered in favor of plaintiff Paul [sic] Shury and against defendants/counterclaimants Paul Cusato and Growler Restorations, Inc., jointly and severally, in the amount of $42,820.67. This amount includes no fees incurred before the OCSPA claim was asserted on December 24, 2019, and for fees incurred after that date includes a deduction for the amount of legal work reasonably estimated to have been performed on matters not connected to the defense of the OCSPA claim.

Journal entry dated June 12, 2023.

{¶ 6} Subsequently, Appellants filed a motion to alter or amend judgment to reflect that the award of attorney fees was to Appellants and for findings of fact and conclusions of law that was denied. Appellants filed an appeal and raise the following assignments of error.

## Assignment of Error No. 1

The trial court failed to follow the mandate of this court on remand and abused its discretion by awarding 16 percent of the fee application submitted by the prevailing party in the lower court pursuant to R.C. 1345.09(F). (JE dated June 12, 2023).

## Assignment of Error No. 2

The trial court erred in denying Appellant's request for findings of fact and conclusions of law that are mandated by Civ.R 52 and failing to state the basis of its decision so this court can conduct meaningful review. (JE dated July 10, 2023).

## Law and Analysis

{¶ 7} A supplier may recover attorney fees from a consumer who files and maintains a groundless action and continues the action in bad faith. R.C. 1345.09(F)(1). It is well established that a trial court judge empowered to award attorney fees by statute may determine an amount within its sound discretion. *Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc.*, 23 Ohio App.3d 85, 91, 491 N.E.2d 345 (12th Dist.1985). An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blue v. Bureau of Workers' Comp.*, 8th Dist. Cuyahoga No. 112652, 2023-Ohio-3481, ¶ 10, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). An appellate court will not interfere

with an award of attorney fees unless the amount is so low or so high as to shock the conscience. *Brooks* at 91.

{¶ 8} Here, Appellants allege that the trial court abused its discretion because it awarded 16 percent of the requested amount of $262,875.75, i.e., $42,820.67.

{¶ 9} However, R.C. 1345.09(F) limits the award to work reasonably performed on the CSPA claim. *Bittner v. Tri-County Toyota, Inc.,* 58 Ohio St.3d 143, 145, 569 N.E.2d 464 (1991), citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). A determination of attorney fees starts with establishing "'"the number of hours reasonably expended on the litigation multiplied by a reasonable hourly fee."'" *Phoenix Lighting Grp., L.L.C., v. Genlyte Thompson Group., L.L.C.*, 160 Ohio St.3d 32, 2020-Ohio-1056, 153 N.E.3d 30, ¶ 10, quoting *Bittner* at 145, quoting *Hensley* at 433. This number is often referred to as the "lodestar." *Id.* However, this calculation does not end the fee analysis. *Id.* at ¶ 12, citing *Hensley* at 434. The fee is subject to an adjustment upward or downward once other considerations are made by the trial court, including the important factor of the results obtained. *Id.* However, enhancements upward should be granted rarely and only under specific circumstances. *See Phoenix Lighting*, paragraph one of the syllabus. ("Enhancements to the lodestar should be granted rarely and are appropriate when an attorney produces objective and specific evidence that an enhancement of the lodestar is necessary to account for a factor not already subsumed in the lodestar, calculation.").

{¶ 10} The trial court may modify that calculation by application of the factors listed in DR 2-106(B) (now Prof.Cond.R.1.5(a)). *Id.* These factors assist in determining a reasonable fee and include:

1. The time and labor required, the novelty and difficulty of the questions involved, and the skills requisite to perform the legal service properly;

2. The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

3. The fee customarily charged in the locality for similar legal services;

4. The amount involved and the results obtained;

5. The time limitations imposed by the client or by the circumstances;

6. The nature and length of the professional relationship with the client;

7. The experience, reputation, and ability of the lawyer or lawyers performing the services;

8. Whether the fee is fixed or contingent.

Ohio Prof.Cond. Rule 1.5(a)(1)-(8).

{¶ 11} Every factor may not exist in every case, and the determination and manner of the application for each factor that will affect the initial calculation is within the discretion of the trial court. *Bittner* at 146.

{¶ 12} Additionally, this court has held that "fees may be awarded for claims related to the violation of the Consumer Sales Practices Act, when they are not easily separated." *Shury I* at ¶ 72, citing *Gonzalez v. Spofford*, 8th Dist. Cuyahoga No. 85231, 2005-Ohio-3415, ¶ 39, citing *Fit 'N' Fun Pools, Inc. v. Shelly*, 9th Dist.

Wayne No. 99CA0048, 2001 Ohio App. LEXIS 3 (Jan. 3, 2001); *Bryant v. Walt Sweeney Auto.*, 1st Dist. Hamilton Nos. C-010395 and C-010404, 2002-Ohio-2577; *Parker v. I&F Insulation Co.,* 1st Dist. Hamilton No. C-960602, 1998 Ohio App. LEXIS 1187 (Mar. 27, 1998); *Budner v. Lake Erie Homes*, 11 Dist. Portage No. 2000-P-0108, 2001-Ohio-4288; *Luft v. Perry Cty. Lumber & Supply Co.*, 10th Dist. Franklin No. 02AP-559, 2003-Ohio-2305.

{¶ 13} Here, Appellants allege that the trial court abused its discretion because the trial court awarded 16 percent of its requested amount. Appellants challenge the attorney-fee award alleging the trial court did not appropriately calculate damages by multiplying the hours by a reasonable rate nor adjust upon application of the factors listed in Prof.Cond.R. 1.5. Additionally, Appellants claim that the trial court's decision to exclude fees before the CSPA claim was filed and fees after that date for non-CSPA work was improper because the decision was (1) not supported by the record, (2) inconsistent with this court's order, and (3) contrary to the law of the case. We find the Appellants' challenges lack merit.

{¶ 14} First, there is no evidence that the trial court failed to appropriately calculate attorney fees. The mere fact the trial court rejected Appellants' requested amount does not mean the trial court erred. The calculation for attorney fees requires a determination of both a reasonable hourly rate and reasonable hours expended. Next these numbers are multiplied. As previously stated, the lodestar is just the initial calculation subject to other considerations of the court, including the factors listed in the Code of Professional Conduct.

{¶ 15} The trial court stated that its determination was based upon its consideration of "all the evidence presented at the attorney fees hearing and cognizant of the relevant case authority on the assessment of attorney fees attributable to an OCSPA claim where legal work was also done on different causes of action." June 13, 2023 journal entry. Other than the fact that the trial court did not grant Appellants' entire request, they have not cited to any uncontroverted evidence that the trial court did not appropriately assess attorney fees. In *Shury I*, this court reiterated *Bittner*, which states when the trial court makes a fee award pursuant to R.C. 1345.09(F) the basis for the fee determination must be stated. *Shury I* at 62, citing *Bittner*, 58 Ohio St.3d 143 at 146, 569 N.E.2d 464. Here, the trial court did state its basis for the award. Further, it adjusted the amount downward in consideration of work prior to the CSPA claim and non-CSPA work. This court finds that basis sufficient.

{¶ 16} As previously stated, the trial court has sound discretion to award attorney fees. *Brooks*, 23 Ohio App.3d at 91. Accordingly, the trial court had the discretion to declare no reimbursement for hours extended before the amended complaint invoking a CSPA claim was raised. The exclusion of CSPA work prior to the claim being made is not unreasonable. Additionally, the trial court's rejection of work on overlapping claims is not unreasonable, given the numerous non-CSPA claims. At the attorney award hearing, invoices were introduced for services rendered from 2019 through 2021 to Cusato. Attorney Robert Kehoe ("Attorney Kehoe") testified at the attorney award hearing that there was overlap with the CSPA

and the defamation and commercial disparagement claims. Tr. 577. Further, "there's no breakdown of how much time was committed to one claim versus the other." *Id.* Additionally, Attorney Kehoe acknowledged that the total attorney-fee invoice included work on the drafting and filing of counterclaims and amended counterclaims; counterclaims for breach-of-contract, defamation, quantum meruit and bad faith; research for and drafting of a motion for summary judgment on the breach-of-contract claim; research and drafting of a brief in opposition to appellee's motion for summary judgment on defamation, commercial disparagement, and breach-of-contract. *Id.* at 582-584. Therefore, the record supports the decision to exclude the non-CSPA work from the attorney fee award.

{¶ 17} Appellants' claim that the award is inconsistent with *Shury I* is without merit. *Shury I* found that no award was an abuse of discretion. *Id* at 72. This court rejected the trial court's explanation that no attorney fees would be awarded because Appellants failed to allocate the billing for the CSPA claim, despite finding that it was not impossible to do so. Subsequently, the trial court has determined an allocation of $42,820.67 to be a reasonable amount for services rendered on the CSPA defense.

{¶ 18} For the reasons already stated, we find the amount of attorney fees awarded by the trial court is not contrary to this court's order. Although Appellants are not satisfied with the trial court's award, we find the decision is not contrary to our decision. The trial court awarded reasonable attorney fees for the CSPA defense only and excluded the amount of attorney fees for services performed on other

claims. Under these circumstances, the trial court's award is reasonable and not an abuse of discretion.

{¶ 19} Finally, Appellants argue that the law of the case established in *Shury I* called for the trial court to recognize the intertwined nature of the claims and reimburse them for all their work. However, the *Shury I* Court found that the decision not to award attorney fees under the circumstances of the case was unreasonable. Moreover, a trial "court *may* award attorney's fees for all time reasonably spent" on claims when the claims are so intertwined they may not be separated. (Emphasis added.) *Shury I* at ¶ 69, citing *Bryant*, 2002-Ohio-2577, at ¶ 35. However, here the non-CSPA claims are not so intertwined.

{¶ 20} Therefore, given the foregoing analysis, the trial court's award is not contrary to the law of this case. Furthermore, the law of this case is Appellant is entitled to reasonable attorney fees under CSPA. Appellants' claim that the trial court abused its discretion in awarding $42,820.67 in attorney fees is overruled.

{¶ 21} Next, Appellants claim they are entitled to findings of facts and conclusions of law from the trial court, pursuant to Civ.R. 52. We find the trial court's June 13, 2023 journal entry substantially complies with Civ.R. 52.

> When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise * * *.
>
> * * *
>
> An opinion or memorandum of decision filed in the action prior to judgment entry and containing findings of fact and conclusions of law stated separately shall be sufficient to satisfy the requirements of this rule and Civ.R. 41(B)(2).

Civ.R. 52.

{¶ 22} Findings of fact and conclusions of law allow the reviewing court to evaluate an assignment of error. If the trial court's ruling, coupled with other parts of the trial court's record, provides adequate basis for review, the trial court has substantially complied with Civ.R. 52. *Brandon/Wiant Co. v. Teamor*, 135 Ohio App.3d 417, 423, 734 N.E.2d 425 (8th Dist.1999), citing *Abney v. W. Res. Mut. Cas. Co.*, 76 Ohio App.3d 424, 602 N.E.2d 348 (12th Dist.1991).

{¶ 23} Here, the trial court substantially complied with Civ.R. 52. The trial court's explanation for the award, coupled with the extensive record in this case, was sufficient for this court to review its determination. This court was able to conduct its review to determine the trial court's award of $42,820.67 in attorney fees for the CPSA defense was reasonable. Consequently, Appellants' second assignment of error is overruled.

{¶ 24} Finally, in its journal entry awarding attorney fees, the trial court stated:

> [J]udgment for the recovery of attorney's fees under R.C. 1345.09(F) is hereby entered in favor of Paul [sic] Shury and against defendants/counterclaimants Paul Cusato and Growler Restorations, Inc., jointly and severally, in the amount of $42,820.67.

{¶ 25} As the record reflects that the purpose of the December 8, 2021 hearing and the trial court's subsequent journal entry was to determine the amount of attorney fees owed to the Appellants, the language of the entry that purports to be in favor of a nonexistent party, i.e., Paul Shury is a typographical error. A trial court

may enter a nunc pro tunc order to "'reflect its true actions so that the record speaks the truth.'" *McGowan v. Giles*, 8th Dist. Cuyahoga No. 76332, 2000 Ohio App. LEXIS 1006, ¶ 11 (Mar. 16, 2000), quoting *Associated Estates Corp. v. Cleveland*, 8th Cuyahoga No. 75958, 1999 Ohio App. LEXIS 3597, 2-3 (Aug. 5, 1999).

{¶ 26} Judgment affirmed; case remanded for the trial court to issue a nunc pro tunc order reflecting the award of attorney fees to appellants Cusato and Growler from appellees the estate of Donald Shury and its administrators.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
EILEEN T. GALLAGHER, J., CONCUR