[Cite as *State v. Moss*, **2014-Ohio-5411**.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. Sheila G. Farmer, J. |
| -vs- | |
| | Case No. 14-CA-3 |
| TIMOTHY A. MOSS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Fairfield County Common
                             Pleas Court, Case No. 13 CR 301


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      December 4, 2014


APPEARANCES:


For Plaintiff-Appellee            For Defendant-Appellant


GREGG MARX                        DAVID A. SAMS
Prosecuting Attorney              Box 40
Fairfield County, Ohio            W. Jefferson, Ohio 43162
239 W. Main Street, Ste. 101
Lancaster, Ohio 43130

*Hoffman, P.J.*

{¶1} Defendant-appellant Timothy A. Moss appeals the judgment of forfeiture of cash entered by the Fairfield County Common Pleas Court. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE[1]

{¶2} On September 13, 2013, Appellant entered a plea of guilty to trafficking in heroin, in violation of R.C. 2925.03(A)(2) and (C)(6)(d), and having weapons under disability, in violation of R.C. 2925.03. The trafficking violation contained a forfeiture specification pursuant to R.C. 2941.1417 and a specification for proximity to a school. Specifically, the state sought forfeiture of $43,100 in cash found pursuant to a search of Appellant's residence.

{¶3} Upon searching Appellant's residence, the officers found scales, plastic baggies, knives, a stun gun, a calculator, and a notebook with Appellant's name on the front. The notebook contained names with differing dates and amounts. In the basement of Appellant's home, officers found two shotguns, two rifles, and two handguns. The officers also found large amounts of marijuana, prescription pills, needles, over eight grams of heroin, and $43,100 in currency. The currency included $120 in marked money used by the Major Crimes Unit to purchase heroin in the controlled buy which formed the basis for the trafficking charge. The buy money was placed in a recess over the basement doorway. The remainder of the money was divided into envelopes throughout the basement and hidden in the insulation. The basement was padlocked with a combination only known to Appellant. Firearms and drugs were found in close

---

[1] A rendition of the underlying facts is unnecessary for our resolution of the appeal.

proximity to the money. A coffee can contained $20,000 in cash with a large amount of heroin.  In addition, a large stack of cash was found in the joists of the house with marijuana wrapped inside. The officers testified the area appeared to be a workstation for Appellant.

{¶4} The trial court accepted Appellant's plea of guilty to the charges, and ordered forfeiture of all $43,100 in currency.

{¶5} Appellant appeals, assigning as error:

{¶6} "I. THE FORFEITURE OF DEFENDANT-APPELLANT'S PROPERTY WAS CONTRARY TO OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS."

{¶7} The issue presented is whether forfeiture is limited to the proceeds derived from the indicted criminal offense or can include proceeds derived from any criminal offense, including one(s) for which a defendant has not been convicted.

{¶8} R.C. 2981.02 governs forfeiture proceedings,

> (A) The following property is subject to forfeiture to the state or a political subdivision under either the criminal or delinquency process in section 2981.04 of the Revised Code or the civil process in section 2981.05 of the Revised Code:
>
> (1) Contraband involved in *an offense*;
>
> (2) Proceeds derived from or acquired through the commission of *an offense*; (Emphasis added.)

{¶9} Ohio courts have recognized there is nothing inherently illegal about possessing cash. *State v. Golston,* 66 Ohio App.3d 423, 431–432, 584 N.E.2d 1336

(1990), citing *Chagrin Falls v. Loveman,* 34 Ohio App.3d 212, 217, 517 N.E.2d 1005 (1986). To prove cash is subject to forfeiture, the State must demonstrate it is more probable than not, from all the circumstances, the cash was used in the commission of a criminal offense or constituted proceeds from the commission of "an" offense. The government is required to prove the money constitutes proceeds of "an offense," not necessarily proceeds of the offense at issue in the criminal case. *Dayton Police Dept. v. Thompson,* 2nd Dist No. 24790, 2012-Ohio- 2660. "An offense" is any act that "could be charged." Id. A conviction is not required.

{¶10} Here, Appellant was indicted on charges of engaging in a pattern of corrupt activity, trafficking in heroin, possession of heroin, and having weapons under disability. The officers testified herein they found scales, plastic baggies, knives, a stun gun, a calculator and a notebook with Appellant's name on the front near Appellant's bedroom during their search. The notebook contained names followed by dates and amounts. In the basement of Appellant's home, the officers found two shotguns, two rifles, two handguns, large amounts of marijuana, including some wrapped in cash, prescription pills, needles, heroin, and $43,100 in currency. The currency was stored with the drugs or located nearby.

{¶11} Based upon the foregoing, the trial court did not err in finding it was more probable than not, from all the circumstances, Appellant used the cash or the cash constituted proceeds from the commission of a criminal offense; therefore, subject to forfeiture.

{¶12} Appellant's assignment of error is overruled

{¶13} The judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Gwin, J.  and

Farmer, J. concur