[Cite as *State v. Adames Deli & Grocery, Inc.*, 2018-Ohio-442.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    17CA011148 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ADAMES DELI & GROCERY, INC. | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellees | CASE No.    12CV177496 |

DECISION AND JOURNAL ENTRY

Dated: February 5, 2018

HENSAL, Presiding Judge.

{¶1}    The State of Ohio appeals from the judgment of the Lorain County Court of Common Pleas.  We reverse and remand for further proceedings.

I.

{¶2}    This appeal stems from a forfeiture action wherein the State of Ohio sought the forfeiture of three bank accounts in connection with welfare fraud.  By way of background, the police began investigating Adames Deli & Grocery, Inc. (the "Deli") for potential welfare fraud after receiving a tip.  The police used a confidential informant to conduct five controlled buys at the Deli.  According to the confidential informant's testimony, the store clerk, Rafael Coll, allowed her to pay for ineligible items with an Electronic Benefit Transfer ("EBT") card during each controlled buy.  Other witnesses, who were not confidential informants, testified that Mr. Coll also allowed them to pay for ineligible items using their EBT cards, including cell phone minutes, cigarettes, newspapers, prepared food, lighters, and laundry detergent.

{¶3}  A grand jury indicted Mr. Coll on ten counts of illegal use of supplemental nutrition assistance program benefits or WIC program benefits in violation of Revised Code Section 2913.46(B).  A grand jury also indicted the Deli, and the trial court consolidated the cases for trial.  After a two-day bench trial, the trial court found Mr. Coll guilty of five counts and sentenced him to community control.  The trial court found the Deli not guilty on all counts.

{¶4}  Following the conclusion of the criminal trial, the State pursued its forfeiture action, which had been stayed pending the criminal trial.  The parties stipulated to the admission of the transcripts and evidence from the criminal cases in the forfeiture case.  At the forfeiture hearing, the State argued that three separate bank accounts, one belonging to Mr. Coll, and two belonging to the Deli, contained proceeds of illegal welfare transactions.  Mr. Coll's account contained $4,403.61, while the Deli's accounts contained a total of $8,107.91.  The State argued that records reflected that the Deli's EBT reimbursements far exceeded its reported sales, indicating that the Deli received EBT redemptions for ineligible items.  The State also argued that, while it was seeking forfeiture of roughly $12,500, the Deli received hundreds of thousands of overpayments from the government relative to sales of ineligible items.  For example, the State pointed to evidence indicating that, in 2011, the Deli reported $150,298.27 in food sales for tax purposes, yet received $413,917.42 in EBT redemptions, which is a redemption rate of approximately 275%.  By comparison, three other local stores had redemption rates ranging between 18% and 24% for the same year.

{¶5}  The defense presented two witnesses at the forfeiture hearing: Mr. Coll and Francisco Adames, one of the Deli's owners.  Mr. Coll testified that he was the sole employee of the Deli, that he earned $500.00 a week, and that he received his paycheck through direct deposit, which came from one of the Deli's accounts.  Mr. Adames testified that he made a

mistake when filing the Deli's taxes because he overestimated taxable sales and underestimated food sales. He testified that he was inexperienced in this regard, but "did the best [he] could[.]" Other than his testimony, Mr. Adames did not present any evidence that contradicted the State's evidence, or showed that the figures the State used from the Ohio Department of Taxation or the Ohio Department of Job and Family Services (which maintains EBT redemption records) were inaccurate.

{¶6} The trial court summarily determined that the State met its burden with respect to the items Mr. Coll sold to the confidential informant during the five controlled buys, which totaled $153.31. It, therefore, ordered a partial forfeiture of Mr. Coll's account in the amount of $153.31, plus any accrued interest. The trial court further held that the State "failed to meet its burden for any other issue as it pertains to this claim[,]" and ordered the release of the remaining two accounts. The State then moved for findings of fact and conclusions of law under Civil Rule 52.

{¶7} In its conclusions of law, the trial court stated that the burden of proof is a preponderance of the evidence, and held that the State met its burden with respect to the five controlled buys. It provided no analysis as to why the State failed to meet its burden with respect to the other two accounts, or why it only ordered a partial forfeiture of Mr. Coll's account. The State now appeals, raising three assignments of error for our review. Neither defendant has filed a responsive brief. For ease of consideration, we have combined the State's assignments of error.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT'S DENIAL OF TOTAL FORFEITURE OF THE FIFTH/THIRD BANK ACCOUNT BELONGING TO RAFAEL COLL AS

PROCEEDS UNDER R.C. 2981.05 WAS AGAINST THE CLEAR MANIFEST WEIGHT OF THE EVIDENCE.

ASSIGNMENT OF ERROR II

THE TRIAL COURT'S DENIAL OF FORFEITURE OF THE TWO FIFTH/THIRD BANK ACCOUNTS AS PROCEEDS UNDER R.C. 2981.05 BELONGING TO ADAMES DELI WAS AGAINST THE CLEAR MANIFEST WEIGHT OF THE EVIDENCE.

ASSIGNMENT OF ERROR III

APPELLEES ADAMES DELI AND RAFAEL COLL WERE NOT INNOCENT PERSONS AS DEFINED BY R.C. 2981.01(B)(5) AND HAD NO VALID CLAIM TO THE SEIZED ACCOUNTS BASED ON THE EVIDENCE OF THE FRAUD OFFENSES PRESENTED TO THE TRIAL COURT.

{¶8}    In its first assignment of error, the State argues that the trial court erred when it denied the State's request for a total forfeiture of Mr. Coll's account.  In its second assignment of error, the State argues that the trial court erred when it denied the State's request for forfeiture of the two accounts belonging to the Deli.  In its third assignment of error, the State argues that the defendants were not innocent persons as defined under Section 2981.01(B)(5), and that they had no valid claim to any of the three accounts.  As discussed below, we need not address the merits of the State's arguments.

{¶9}    Civil Rule 52 provides, in part, that, "[w]hen questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless" a party timely requests findings of fact and conclusions of law.  Upon such a request, "the court shall state in writing the findings of fact found separately from the conclusions of law."  Civ.R. 52.  "The purpose of this provision is 'to aid the appellate court in reviewing the record and determining the validity of the basis of the trial court's judgment.'"  *State ex rel. Gilbert v. City of Cincinnati*, 125 Ohio St.3d 385, 2010-Ohio-1473, ¶ 37, quoting *Werden v. Crawford*, 70 Ohio St.2d 122, 124 (1982).  "The test for determining whether a trial court's opinion satisfies the requirements

of Civ.R. 52 is whether the contents of the opinion, when considered together with other parts of the record, form an adequate basis upon which to decide the narrow legal issues presented." *Id.* at ¶ 38, quoting *Brandon/Wiant Co. v. Teamor*, 135 Ohio App.3d 417, 423 (8th Dist.1999).

{¶10} Here, as previously noted, the trial court indicated that the State met its burden with respect to the five controlled buys, but that it failed to meet its burden with respect to the two accounts belonging to the Deli. It, however, provided no analysis in this regard. Under these circumstances, we cannot say that the trial court's findings of fact and conclusions of law satisfied Civil Rule 52. *Gilbert* at ¶ 38. This Court, therefore, is unable to conduct a meaningful review of the trial court's judgment. *Hunt v. Alderman*, 9th Dist. Summit No. 27416, 2015-Ohio-4667, ¶ 19. Accordingly, we reverse and remand the matter for the trial court to issue findings of fact and conclusions of law that are sufficient to permit appellate review. The State's assignments of error are sustained on that basis.

III.

{¶11} The State's assignments of error are sustained. The Judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and RICHARD A. GRONSKY, Assistant Prosecuting Attorney, for Appellant.

MICHAEL J. CAMERA, Attorney at Law, for Appellees.