[Cite as *State v. Adames Deli & Grocery, Inc.*, 2019-Ohio-2848.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 18CA011320 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ADAMES DELI & GROCERY, INC., et al. | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellees | CASE No. 12CV177496 |

DECISION AND JOURNAL ENTRY

Dated: July 15, 2019

CARR, Judge.

{¶1}  Appellant the State of Ohio appeals from the judgment of the Lorain County Court of Common Pleas.  This Court affirms in part, reverses in part, and remands the matter for further proceedings consistent with this opinion.

I.

{¶2}  This Court summarized much of the facts and history of the case in the prior appeal.  This matter involves

> a forfeiture action wherein the State of Ohio sought the forfeiture of three bank accounts in connection with welfare fraud.  By way of background, the police began investigating Adames Deli & Grocery, Inc. (the "Deli") for potential welfare fraud after receiving a tip.  The police used a confidential informant to conduct five controlled buys at the Deli.  According to the confidential informant's testimony, the store clerk, Rafael Coll, allowed her to pay for ineligible items with an Electronic Benefit Transfer ("EBT") card during each controlled buy.  Other witnesses, who were not confidential informants, testified that Mr. Coll also allowed them to pay for ineligible items using their EBT cards, including cell phone minutes, cigarettes, newspapers, prepared food, lighters, and laundry detergent.

A grand jury indicted Mr. Coll on ten counts of illegal use of supplemental nutrition assistance program benefits or WIC program benefits in violation of Revised Code Section 2913.46(B). A grand jury also indicted the Deli, and the trial court consolidated the cases for trial. After a two-day bench trial, the trial court found Mr. Coll guilty of five counts and sentenced him to community control. The trial court found the Deli not guilty on all counts.

Following the conclusion of the criminal trial, the State pursued its forfeiture action, which had been stayed pending the criminal trial. The parties stipulated to the admission of the transcripts and evidence from the criminal cases in the forfeiture case. At the forfeiture hearing, the State argued that three separate bank accounts, one belonging to Mr. Coll, and two belonging to the Deli, contained proceeds of illegal welfare transactions. Mr. Coll's account contained $4,403.61, while the Deli's accounts contained a total of $8,107.91. The State argued that records reflected that the Deli's EBT reimbursements far exceeded its reported sales, indicating that the Deli received EBT redemptions for ineligible items. The State also argued that, while it was seeking forfeiture of roughly $12,500, the Deli received hundreds of thousands of overpayments from the government relative to sales of ineligible items. For example, the State pointed to evidence indicating that, in 2011, the Deli reported $150,298.27 in food sales for tax purposes, yet received $413,917.42 in EBT redemptions, which is a redemption rate of approximately 275%. By comparison, three other local stores had redemption rates ranging between 18% and 24% for the same year.

The defense presented two witnesses at the forfeiture hearing: Mr. Coll and Francisco Adames, one of the Deli's owners. Mr. Coll testified that he was the sole employee of the Deli, that he earned $500.00 a week, and that he received his paycheck through direct deposit, which came from one of the Deli's accounts.

*State v. Adames Deli & Grocery, Inc.*, 9th Dist. Lorain No. 17CA011148, 2018-Ohio-442, ¶ 2-5.

Mr. Coll additionally testified that his daughter won $5,000 in the lottery which she gave to him so that he could pay his bills since she lived with him. He averred that he deposited the money into his account that was at issue. Mr. Coll could not remember when his daughter won the lottery and did not provide any documentation to support his claim.

Mr. Adames testified that he made a mistake when filing the Deli's taxes because he overestimated taxable sales and underestimated food sales. He testified that he was inexperienced in this regard, but "did the best [he] could[.]" Other than his testimony, Mr. Adames did not present any evidence that contradicted the State's evidence, or showed that the figures the State used from the Ohio Department of Taxation or the Ohio Department of Job and Family Services (which maintains EBT redemption records) were inaccurate.

> The trial court summarily determined that the State met its burden with respect to the items Mr. Coll sold to the confidential informant during the five controlled buys, which totaled $153.31. It, therefore, ordered a partial forfeiture of Mr. Coll's account in the amount of $153.31, plus any accrued interest. The trial court further held that the State "failed to meet its burden for any other issue as it pertains to this claim[,]" and ordered the release of the remaining two accounts. The State then moved for findings of fact and conclusions of law under Civil Rule 52.
>
> In its conclusions of law, the trial court stated that the burden of proof is a preponderance of the evidence, and held that the State met its burden with respect to the five controlled buys. It provided no analysis as to why the State failed to meet its burden with respect to the other two accounts, or why it only ordered a partial forfeiture of Mr. Coll's account.

*Id.* at ¶ 5-7.

{¶3} The State appealed, raising three assignments of error for our review. *Id.* at ¶ 7. Ultimately, we concluded that we were unable to conduct a meaningful review because, while the trial court indicated the State failed to meet its burden with the respect to the two accounts belonging to the Deli, the trial court provided no analysis in support of that conclusion. *Id.* at ¶ 10. Thus, this Court determined that the trial court's findings of fact and conclusions of law failed to satisfy Civ.R. 52. *Id.* Accordingly, we remanded the matter for the trial court to issue findings of fact and conclusions of law that were sufficient to permit appellate review. *Id.*

{¶4} Upon remand, the trial court issued additional findings and conclusions. In its conclusions of law, the trial court found as follows:

> In reviewing the evidence, [the State] has established, by the preponderance of the evidence that the sum of $153.31 was proceeds derived from or acquired through the commission of an offense. This is the sum of money utilized by the confidential informant in her various undercover purchases from Defendant Deli and its clerk, Defendant Coll. However, [the State] has not established by the preponderance of the evidence that the remaining funds in Defendant Coll's account were proceeds derived from the commission of an offense. This is especially true considering the evidence that this account contained funds commingled with funds from an innocent third party. Furthermore, there was no evidence presented that the accounts belonging to Defendant Deli, which was

found not guilty of the underlying criminal actions, contained any funds from the commission of an offense as it was found not guilty of any such offense.

{¶5} Thus, the trial court again ordered that the State was only entitled to retain the $153.31 from Mr. Coll's account and ordered the remainder of that account and the two accounts of the Deli returned to their owners.

{¶6} The State has appealed, raising four assignments of error for our review. To facilitate our review, we will address the arguments out of sequence. Neither Mr. Coll nor the Deli filed a brief in this appeal. *See* App.R. 18(C).

## II.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN FINDING THAT PROCEEDS OF RAFAEL COLL'S BANK ACCOUNT WERE COMI[N]GLED [] "WITH FUNDS FROM AN INNOCENT THIRD PARTY," THUS DENYING FULL FORFEITURE OF THOSE PROCEEDS AND NOT FORFEITING THE TWO DELI BANK ACCOUNTS BECAUSE THE TRIAL COURT FOUND THE DELI NOT GUILTY OF CRIMINAL CHARGES.

{¶7} In its fourth assignment of error, the State argues that the trial court erred in concluding that Mr. Coll's account contained funds from an innocent third party, and thus erred in failing to order full forfeiture of that account. Additionally, the State asserts that the trial court erred in its conclusion that, "there was no evidence presented that the accounts belonging to Defendant Deli, which was found not guilty of the underlying criminal actions, contained any funds from the commission of an offense as it was found not guilty of any such offense."

### Civil Forfeiture Law

{¶8} In rendering its additional findings of fact and conclusions of law, the trial court continued to apply the version of R.C. 2981.05 that was in effect at the time the forfeiture

petition was filed. Neither side has contested that determination or offered an argument as to why the new version should apply.

{¶9} Pursuant to R.C. 2981.02(A),

[t]he following property is subject to forfeiture to the state or a political subdivision under either the criminal or delinquency process in section 2981.04 of the Revised Code or the civil process in section 2981.05 of the Revised Code:

(1) Contraband involved in an offense;

(2) Proceeds derived from or acquired through the commission of an offense;

(3) An instrumentality that is used in or intended to be used in the commission or facilitation of any of the following offenses when the use or intended use, consistent with division (B) of this section, is sufficient to warrant forfeiture under this chapter:

(a) A felony;

(b) A misdemeanor, when forfeiture is specifically authorized by a section of the Revised Code or by a municipal ordinance that creates the offense or sets forth its penalties;

(c) An attempt to commit, complicity in committing, or a conspiracy to commit an offense of the type described in divisions (A)(3)(a) and (b) of this section.

{¶10} In its petition, the State argued that the accounts contained proceeds or were instrumentalities. At the civil forfeiture hearing, the State contended that it would argue that the accounts were "mostly proceeds rather than instrumentalities[.]" However it did not appear to entirely abandon its contention that the accounts represented instrumentalities. Nonetheless, the trial court in its judgment entries appears to have only addressed whether the accounts were proceeds, not whether they were instrumentalities. However, on appeal, the State has limited its assignments of error to arguing that the trial court erred in failing to conclude that the accounts were proceeds. Our analysis will be limited accordingly.

{¶11} Former R.C. 2981.01(B)(11) defines proceeds as both of the following:

(a) In cases involving unlawful goods, services, or activities, "proceeds" means any property derived directly or indirectly from an offense. "Proceeds" may include, but is not limited to, money or any other means of exchange. "Proceeds" is not limited to the net gain or profit realized from the offense.

(b) In cases involving lawful goods or services that are sold or provided in an unlawful manner, "proceeds" means the amount of money or other means of exchange acquired through the illegal transactions resulting in the forfeiture, less the direct costs lawfully incurred in providing the goods or services. The lawful costs deduction does not include any part of the overhead expenses of, or income taxes paid by, the entity providing the goods or services. The alleged offender or delinquent child has the burden to prove that any costs are lawfully incurred.

{¶12} An offense is "any act or omission that could be charged as a criminal offense or a delinquent act, whether or not a formal criminal prosecution or delinquent child proceeding began at the time the forfeiture is initiated. Except as otherwise specified, an offense for which property may be forfeited includes any felony and any misdemeanor. The commission of an 'offense' includes the commission of a delinquent act." R.C. 2981.01(B)(10). Additionally, former R.C. 2981.03(F) provided in relevant part that, "[a] civil action to obtain civil forfeiture may be commenced as described in section 2981.05 of the Revised Code regardless of whether the offender or delinquent child has pleaded guilty to, been convicted of, or been adjudicated a delinquent child for the act that is the basis of the order." In its petition for forfeiture, the State asserted that the offense was "the alleged felony offense(s) of Illegal Use of Food Stamps."

{¶13} Former R.C. 2981.05(D) states that "[t]he court shall issue a civil forfeiture order if it determines that the prosecutor has proved by a preponderance of the evidence that the property is subject to forfeiture under section 2981.02 of the Revised Code, and, after a proportionality review under section 2981.09 of the Revised Code when relevant, the trier of fact specifically describes the extent of the property to be forfeited." "Contraband and any proceeds obtained from the offense are not subject to proportionality review under this section." R.C. 2981.09(B); *see also State v. Reeves*, 9th Dist. Summit No. 26984, 2014-Ohio-282, ¶ 34.

Notwithstanding the relatively low burden of proof, "the law does not favor forfeiture[.]" *State v. Jelenic*, 9th Dist. Medina No. 10CA0024-M, 2010-Ohio-6056, ¶ 15.

**{¶14}** Thus, it was the State's burden to demonstrate not only that there were proceeds derived or acquired from the commission of an offense, but that the items the State sought to have forfeited were themselves those proceeds. *See In re $18,823.06 United State Currency*, 1st Dist. Hamilton No. C-160775, 2018-Ohio-876, ¶ 38. ("The burden rests on the state to show how the seized funds constitute proceeds from drug trafficking, and discrepancies in [the defendant's] story do not help the state's case."). Accordingly, "[a] court must determine the amount of illicit funds in each account and forfeit only that amount from that account." *Id*. at ¶ 42. Here, the vast majority of the State's evidence provided support for the notion that there should be proceeds from an offense or offenses. Far less evidence was adduced demonstrating that the monies in the accounts were those proceeds.

### Mr. Coll's Account

**{¶15}** With respect to Mr. Coll's account, the trial court found that the sum of $153.31, which represented the amount of money from the confidential informant's purchases, was proceeds derived from or acquired through the commission of an offense. The trial court thus ordered that sum forfeited from Mr. Coll's account.

**{¶16}** The trial court went on to state that the State failed to establish that "the remaining funds in Defendant Coll's account were proceeds derived from the commission of an offense. This is especially true considering the evidence that this account contained funds commingled with funds from an innocent third party." Thus, it appears that the trial court believed Mr. Coll's testimony that, at some unknown point in time, he deposited $5,000 from his daughter's lottery winnings into his account. On appeal, the State argues that the full amount in

the account should have been forfeited because the trial court erred in crediting the testimony about the lottery winnings.

{¶17} However, even if we were to agree with the State that the testimony concerning the lottery winnings should not have been credited, we nonetheless cannot conclude that the trial court erred in failing to order the remaining funds in Mr. Coll's account forfeited. This is so because the State failed to demonstrate that the money in Mr. Coll's account represented proceeds derived from or acquired through the commission of an offense involving the "Illegal Use of Food Stamps[.]"

{¶18} Notably, the State did not submit any bank records from Mr. Coll's account or even offer testimony explaining the flow of money into any of the accounts. The State also failed to call any witnesses at the forfeiture hearing. In fact from the record before us, this Court cannot even discern which of the accounts was the account dedicated to EBT transactions. Instead, the State primarily relied on evidence it admitted at the criminal trial and essentially rehashed its argument that criminal activity took place potentially involving hundreds of thousands of dollars and that criminal activity involved Mr. Coll. Thus, in essence the State argued that, because it could demonstrate criminal activity involving that much money and Mr. Coll was involved in that criminal activity, the State should be entitled to recover the money in Mr. Coll's account, which was a much smaller sum. The problem with this argument, and the evidence presented, is that it does not establish that the money actually in Mr. Coll's account was the proceeds of that criminal activity.

{¶19} Given the foregoing, we cannot conclude that the trial court erred in denying it forfeiture of the entirety of the sum in Mr. Coll's account.

**The Deli's Accounts**

**{¶20}** With respect to the Deli's accounts, the State challenges the trial court's conclusion that the accounts were not subject to forfeiture because the Deli "was found not guilty of any such offense." We agree that the trial court's analysis is erroneous.

**{¶21}** At issue in a forfeiture proceeding is whether the proceeds were derived from or acquired through the commission of an offense. R.C. 2981.02(A)(2). As noted above, an offense is "any act or omission that could be charged as a criminal offense or a delinquent act, whether or not a formal criminal prosecution or delinquent child proceeding began at the time the forfeiture is initiated." R.C. 2981.01(B)(10).

**{¶22}** "To prove cash is subject to forfeiture, the State must demonstrate it is more probable than not, from all the circumstances, the cash was used in the commission of a criminal offense or constituted proceeds from the commission of 'an' offense." *State v. Moss*, 5th Dist. Fairfield No. 14-CA-3, 2014-Ohio-5411, ¶ 9. "The government is required to prove the money constitutes proceeds of 'an offense,' not necessarily proceeds of the offense at issue in the criminal case. 'An offense' is any act that 'could be charged.' A conviction is not required." (Internal citations omitted.) *Id.* In fact, courts have allowed forfeiture in cases in which the grand jury declined to even indict the defendant. *See State v. Ihrabi*, 2d Dist. Montgomery No. 27277, 2017-Ohio-8373, ¶ 6, 69. It is notable that the State's burden of proof in a criminal case is beyond a reasonable doubt, whereas the burden in a forfeiture proceeding is a preponderance of the evidence. *See* former R.C. 2981.05(D). Thus, a trial court's finding of not guilty following a trial only means that the State failed to prove beyond a reasonable doubt that the defendant committed the offense. An offense could nonetheless have been committed and the proceeds could nonetheless have been derived or acquired from the commission of an offense.

{¶23} Because the trial court based its conclusion that the Deli's accounts were not subject to forfeiture on the erroneous premise that the Deli's accounts could not contain proceeds of an offense because "it was found not guilty of any such offense[,]" we reverse the judgment of the trial court. Upon remand, the trial court must examine the evidence to determine whether the State met its burden to establish that the Deli's accounts contained proceeds derived from or acquired through the commission of an offense involving the "Illegal Use of Food Stamps[.]"

{¶24} The State's fourth assignment of error is sustained in part and overruled in part.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT'S DENIAL OF TOTAL FORFEITURE OF THE FIFTH/THIRD BANK ACCOUNT BELONGING TO RAFAEL COLL AS PROCEEDS UNDER R.C. 2981.05 WAS AGAINST THE CLEAR MANIFEST WEIGHT OF THE EVIDENCE.

{¶25} The State argues in its first assignment of error that the trial court's failure to order a total forfeiture of Mr. Coll's account was against the manifest weight of the evidence.

{¶26} Given our resolution of the portion of the State's fourth assignment of error related to Mr. Coll, this assignment of error has been rendered moot and we decline to address it. *See* App.R. 12(A)(1)(c).

## ASSIGNMENT OF ERROR II

THE TRIAL COURT'S DENIAL OF FORFEITURE OF THE TWO FIFTH/THIRD BANK ACCOUNTS BELONGING TO ADAMES DELI AS PROCEEDS UNDER R.C. 2981.05 WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶27} The State argues in its second assignment of error that the trial court's denial of the forfeiture of the Deli's accounts was against the manifest weight of evidence.

{¶28} Given this Court's resolution of the State's fourth assignment of error with respect to the Deli, we conclude that this assignment of error is not properly before us at this time and we decline to address it.

### ASSIGNMENT OF ERROR III

APPELLEES ADAMES DELI AND RAFAEL COLL WERE NOT INNOCENT PERSONS AS DEFINED BY R.C. 2981.05(B)(5) AND HAD NO VALID CLAIM TO THE SEIZED ACCOUNTS BASED ON THE EVIDENCE OF THE FRAUD OFFENSES PRESENTED TO THE TRIAL COURT.

{¶29} The State argues in its third assignment of error that the Deli and Mr. Coll were not innocent persons.

{¶30} With respect to the State's argument concerning the Deli, we conclude that this argument is not properly before us at this time and we decline to address it. With respect to the State's argument as to Mr. Coll, we conclude that this argument has been rendered moot by this Court's resolution of the State's fourth assignment of error as to Mr. Coll.

III.

{¶31} This Court sustains the State's fourth assignment of error in part and overrules it in part. The remaining assignments have either been rendered moot or are not properly before us at this time and so will not be addressed. The judgment of the Lorain County Court of Common Pleas is affirmed in part, reversed in part, and the matter is remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to the parties equally.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P.J.
HENSAL, J.
CONCUR.

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and RICHARD A. GRONSKY, Assistant Prosecuting Attorney, for Appellant.

MICHAEL J. CAMERA, Attorney at Law, for Appellees.